PASQUA BALSAMO *et al. vs.* PROVIDENCE REDEVELOPMENT AGENCY *et al.*

JULY 13, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Roberts, J.   This bill in equity for injunctive relief was brought by Pasqua Balsamo and her son Santo Balsamo against the Providence Redevelopment Agency, a "public body, corporate and politic" created by chapter 2574 of the public laws of 1950 for the purpose of preparing and carrying out plans for the redevelopment of slum blighted areas, as defined by the act, and the City of Providence.

The case was heard by a justice of the superior court on amended bill, answer and evidence.   Thereupon a decree was entered, in accordance with the decision, enjoining the respondent agency from taking title, by condemnation, to lot No. 203 on assessor's plat No. 21 and the dwelling house thereon in which complainant Santo Balsamo operates a restaurant, and failing to enjoin the respondent agency from exercising its power of eminent domain with respect to lots 204 and 214, the parcels used by complainant Pasqua Balsamo in operating a parking lot.   From the injunctive part of the decree the respondents have taken an appeal and from the failure to grant complete injunctive relief complainants have taken their appeal to this court.

It appears that the agency prepared a tentative plan for the redevelopment of an area within the city of Providence designated by it as slum blighted within the meaning of

the act. This plan was approved and adopted by ordinance May 7, 1951 as an official redevelopment plan for "Point Street Project Area D2-R." The complainants concede that the area included within project area D2-R is a slum blighted area and they do not contest the validity of its designation as such. The complainant Pasqua Balsamo is the owner of five lots within the project area, which are numbered 186, 203, 204, 213 and 214 on assessor's plat No. 21. Lots 186 and 213 have not been made a part of the subject matter of the appeals now before us.

Lots 204 and 214 have a common boundary and have been used by complainant Pasqua Balsamo for the parking of motor vehicles in the operation of the parking lot business which she has conducted thereon for several years. Lot 203, which is located at the corner of Elm and Blount streets, has a dwelling house thereon, the first floor of which is used as a restaurant operated by complainant Santo Balsamo and the second floor of which is an unoccupied dwelling unit.

The agency has had conferred upon it by the statute the power to acquire real property by eminent domain. This power is set out in section 48 (d) of the act. The purpose of the suit brought by complainants is to have the respondent agency enjoined from acquiring, by the exercise of its power of eminent domain, the title to the lots and buildings thereon located which are owned by complainant Pasqua Balsamo.

The first contention of complainants is that the act is unconstitutional. In their brief they alleged that such act violates several articles of the constitution of this state and of the United States. However, in argument only one constitutional ground is pressed, namely, that the act is violative of article I, sec. 16, of the constitution of Rhode Island, which section prohibits the taking of private property by eminent domain for private purposes.

This precise contention was raised in the case of *Ajootian* v. *Providence Redevelopment Agency*, 80 R. I. 73, wherein

the designated sections of the statute were held not to be violative of the constitutional ban against the taking of private property by eminent domain for other than public purposes. The complainants contend that the evidence in the instant case raises a different issue from that which was raised on the pleadings in the *Ajootian* case. We cannot agree with this contention. We do not perceive that the issue raised by the facts presented in the case at bar differs materially from the issue raised by the questions of doubt and importance as certified in that case. It is our opinion that the *Ajootian* case, which related to the same project area, states the law with respect to the constitutionality of the provisions of the act which confer the power of eminent domain upon the agency, and that the acquisition of land pursuant to such provisions constitutes a taking for a public purpose. The majority of the court as presently constituted are of the opinion that the *Ajootian* case, *supra,* was properly decided.

We will now consider the contention that the agency was guilty of discrimination when it refused to designate certain of complainants' properties as among those to be continued in the same form and use under the redevelopment plan, thus exempting such properties from the agency's power to take by eminent domain. The trial justice found that there had been no discrimination with respect to the failure to so exempt lots 204 and 214 upon which complainant Pasqua Balsamo operates her parking lot. However, he found that the agency discriminated in failing to exempt from its power to take by eminent domain lot 203, whereon is located the dwelling house in which complainant Santo Balsamo operates his restaurant.

We are of the opinion that the superior court was without jurisdiction to pass upon that question. It is the well-settled law of this state that the question whether the use for which land is to be taken by eminent domain is a public use is judicial and for the courts; that when the use

is a public use, the question as to what property it is necessary to take in order to accomplish the public purpose is for the legislature; and that an exercise thereof by the legislature or any agency to which it delegates such power is not subject to judicial review. *City of Newport* v. *Newport Water Corp.*, 57 R. I. 269, 276.

It therefore is clear that the legislature may delegate the power to ascertain the particular land which should be taken in order to accomplish the public purpose. We are of the opinion that the act here contains provisions which in fact delegate such power to the respondent agency. Under sec. 52 of the act that body is given authority to prepare a redevelopment plan for each project area. This is a broad and comprehensive grant of authority by the legislature to the agency, which thereby may delineate the area to be redeveloped and define the character of the redevelopment. Under the provisions of sec. 56 of the act the agency is given authority to provide for the acquisition of property within the project area by any means including specifically a taking by eminent domain.

In sec. 48 (d) of the act the agency is also granted the authority to exercise the power of eminent domain. Section 48 (j) thereof contains a limitation on this grant of the power of eminent domain, since it provides that when buildings are located on land within the project area and such buildings are to be continued in their present form and use under the redevelopment plan, they may not be acquired by the agency without consent of the owners. In other words, by designating buildings on land within the area as those which will be continued in their present form and use under the plan, the agency makes a determination that such properties are not to be taken by eminent domain.

In the light of the foregoing grants of power to the agency, it seems clear that the legislature delegated to such body the authority to determine which particular properties it

will be necessary to take by eminent domain in order to accomplish the public purpose. The agency clearly has express authority to prepare the redevelopment plan and thus delineate the area in which its power of eminent domain may be exercised. Likewise it has by necessary implication authority to designate the properties within the project area which, by reason of being continued in their present form and use under the redevelopment plan, need not be taken by eminent domain in order to effectuate the public purpose, that is, the redevelopment of the project area.

The provisions granting authority to the agency to prepare a redevelopment plan and to designate properties within the project area which will be continued under the plan in their present form and use are to be taken as a whole. Together they constitute the complete authority of the agency to determine which properties it will be necessary to take by eminent domain in order to accomplish the public purpose.

In *City of Newport* v. *Newport Water Corp.*, *supra*, this court stated that the action of the agency, to which the legislature delegated the authority to determine which properties should be taken in order to accomplish the public purpose for which the power was conferred, is conclusive and not subject to judicial review. While recognizing that there is authority for the proposition that such decisions should be subject to judicial review in some measure, we see no reason for departing from the rule laid down in that case. It is our opinion that the trial justice erred in passing on the question of whether the agency discriminated in failing to exempt the property of the complainants from its power to take by eminent domain.

If the complainants claimed that the agency had exceeded its authority under the statute, a different question would arise. We do not decide at this time whether judicial review of the agency's action could be had in such

circumstances, since the complainants' appeal has not raised that precise question.

The complainants' appeal is denied and dismissed, the respondents' appeal from the injunctive portion of the decree is sustained, and the cause is remanded to the superior court with direction to modify the decree in accordance with this opinion.

*Edward F. McElroy, John C. Going,* for complainants.

*Matthew E. Ward,* for Providence Redevelopment Agency.

*William E. McCabe,* City Solicitor, *Francis D. McManus,* Ass't City Solicitor, for City of Providence.

*William E. Powers,* Atty. Gen., *Archie Smith,* Ass't Atty. Gen., for State.