ALFRED J. RINGUETTE *vs.* SUPERIOR COURT.

OCTOBER 31, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for a writ of certiorari to review the action of a justice of the superior court in granting the plaintiff's motion to amend the declaration filed in the case of James E. Johnson v. Alfred J. Ringuette d.b.a. Ringuette's Esso Service Center, Law No. 129960. The writ was ordered issued, and in compliance therewith the superior court has duly certified the papers in the case to this court.

It appears therefrom that plaintiff Johnson was injured on July 22, 1952 while employed by defendant Ringuette as an attendant in a gasoline station. In January 1954 plaintiff commenced suit in the superior court and filed therein a declaration containing a single count which alleged in part:

"* * * that it then and there became and was the duty of the defendant to furnish a safe place and equipment with which said plaintiff was to perform said work and labor, but notwithstanding the duty aforesaid, and in violation thereof, the defendant did carelessly and negligently furnish an unsafe place and equipment consisting of an air-jack well knowing that the same was in a defective and unsafe condition and unfit for the purpose aforesaid; that by reason of the aforesaid carelessness and negligence of the defendant aforesaid, the plaintiff was injured when a vehicle on

220

which he was working slipped off the aforesaid defective air-jack * * *."

The count in the original declaration did not contain any allegation that the plaintiff was free from contributory negligence.

In March 1957, after the statute of limitations had run, plaintiff sought permission to file an amended declaration. The motion was granted by the justice of the superior court. The amended declaration contained two counts. The first count thereof contained the same allegations as were made in the original declaration with the addition of the allegation "that the plaintiff was at all times in the exercise of due care." The second count contained the same allegations as the first count and further alleged that the defendant was eligible to accept the provisions of the workmen's compensation act but did not elect to become subject thereto.

Under the provisions of general laws 1956, §9-6-2, the court has authority to permit either of the parties to amend the pleadings in a case at any time. The statute cited is remedial, having been intended to eliminate the subversion of justice by resort to technicalities. The authority conferred upon the court by the statute is broad, but not without limit. Such amendment is not a matter of right but rests within the discretion of the court. *Mockel* v. *Pawtucket Gas Co.*, 48 R. I. 485, 489.

Under the statute the court may permit an amendment only when it does not substitute a new or different cause of action from that stated in the original declaration. Such amendment may be permitted even though the statute of limitations has run. *Atlantic Mills* v. *Superior Court*, 32 R. I. 285.

The defendant argues that an amendment substitutes a new or different cause of action when it requires him to resort to defenses different from those upon which he could have relied had the original declaration stood. We do not

agree that this constitutes an appropriate test in the premises. In the case of *Rose* v. *Standard Oil Co.*, 56 R. I. 272, 281, the court stated: "The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid."

In the instant case an examination of the original and the amended declarations reveals that plaintiff has alleged in each the same relationship between the parties, the same duty and breach thereof, the same injuries resulting from the breach, and the same damages. In the first count of the amended declaration he simply adds an allegation of his freedom from contributory negligence. In the second count thereof he adds allegations that the defendant was eligible to accept the provisions of the workmen's compensation act and that he did not do so. It is our opinion that the amended declaration simply states more fully the matter laid in the original declaration and that it does not substitute a new or different cause of action.

The effect of the added allegations in the amended declaration is to remedy the plaintiff's defective statement of a cause of action in his original declaration. We do not agree with the contention of the defendant that an amendment which would have the effect of curing a defective statement of a cause of action in a declaration substitutes a new cause of action from that originally declared upon.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the superior court with our decision endorsed thereon.

ANDREWS, J., did not participate in the decision.

*John L. McElroy,* for plaintiff James E. Johnson.

*Eugene F. Cochran, Russell C. King,* for defendant Alfred J. Ringuette.