EUGENE SMITH *vs.* MARTIN GOLDEN *et al. d.b.a.* MARTIN GOLDEN & SON.

LANEIR F. PETTIS *vs.* MARTIN GOLDEN *et al. d.b.a.* MARTIN GOLDEN & SON.

MAGGIE LEE SEWALL *vs.* MARTIN GOLDEN *et al. d.b.a.* MARTIN GOLDEN & SON.

WALTER PETTIS *vs.* MARTIN GOLDEN *et al. d.b.a.* MARTIN GOLDEN & SON.

APRIL 21, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.   These four actions of trespass on the case for negligence were brought to recover for injuries sustained by the plaintiffs while allegedly passengers in an automobile owned by the defendants.   Demurrers by the defendants to the plaintiff's third amended declaration in each case were sustained after hearing thereon by a justice of the superior court, who in his rescript granted express permission to each plaintiff to file a fourth amended declaration within ten days thereafter.   The defendants have excepted in each case to the action of the justice of that court in granting permission to file a fourth amended declaration, and each case is now in this court only on that exception.

It appears from the record that defendants' demurrers to the prior declarations in each case were sustained by different justices of the superior court and that in each instance plaintiffs were granted leave to file amended declarations. The defendants' demurrers to the original declaration in each case were sustained in November 1956 with plaintiffs

being granted leave to file first amended declarations within four weeks. The defendants' demurrers to these first amended declarations were sustained in February 1957 with leave again being granted to file amended declarations. The plaintiffs' second amended declarations were filed, and demurrers thereto were sustained in March 1958, and thereafter on the motion of plaintiff in each case leave was granted to file third amended declarations within two weeks. Such third amended declarations were filed, and it is the action of the trial justice in granting leave to file fourth amended declarations, after having sustained demurrers thereto, that is the subject matter of the exception before us in each case.

The superior court, acting pursuant to the provisions of G. L. 1956, §9-6-2, may in its discretion grant leave to amend the pleadings in actions filed therein. We have held the statute to be remedial in character and that the authority conferred therein may be liberally exercised. *Ringuette* v. *Superior Court*, 88 R. I. 218, 145 A.2d 359. The plaintiffs, however, challenge the propriety of this court's action in undertaking to review the rulings of the superior court by way of a bill of exceptions. They argue, in substance, first, that an exception will not lie to a ruling of the superior court granting or denying a motion for leave to amend a pleading and, second, that if the rule be the contrary, the instant bills of exceptions should be dismissed as being prematurely brought.

This court has held that a motion to amend a pleading under the statute is addressed to the discretion of the superior court and that an exception does not lie to a ruling of the court thereon. *Hebert* v. *Handy,* 28 R. I. 317. That rule, however, has been qualified by this court, and we have recognized that an exception to such a ruling by the superior court will lie when it is grounded upon an abuse of discretion by that court. *Tillinghast* v. *Maggs,* 76 R. I. 401. However, we also held in that case that such exceptions

would be reviewed by this court only when brought here by a bill of exceptions wherein there was included another exception taken to a final decision of the superior court. There having been no compliance with that condition in the instant cases, we are constrained to conclude that the bills of exceptions therein are premature.

However, as plaintiffs concede, this court will undertake to review a ruling of the superior court on a motion to amend a pleading by way of certiorari when there is some peculiar circumstance in the case that warrants such extraordinary relief. *Brickle* v. *Quinn*, 63 R. I. 120. Consequently, it may be reasonably assumed that if the instant bills of exceptions are dismissed for prematurity, defendants will petition immediately for certiorari on the ground that the nature of the rulings here under consideration justifies an immediate review thereof by this court. Because we deem such action to be entirely probable and because the view that we take on the validity of the rulings under attack is such that plaintiffs will not thereby be prejudiced, we will treat these cases as if they were here on certiorari. In the circumstances such action, in our opinion, serves to promote the prompt and efficient administration of justice.

When the superior court is required on demurrer to pass upon the sufficiency of an amended declaration that was filed with leave of the court, it must determine its sufficiency on the allegations of the amended pleading only and without reference to the allegations contained in the prior declaration or the reasons for which a demurrer thereto was sustained. It is well settled that when a plaintiff files an amended declaration by leave of court, the original or any prior declaration is eliminated from the case and it is not to be considered as a part of the record thereof. *Rott* v. *Blackstone Valley Gas and Electric Co.*, 82 R. I. 111; *Conway* v. *Marsh*, 79 R. I. 254.

When, however, after a demurrer to a declaration has been sustained, there is an objection to the filing of an

amended declaration pursuant to leave of court, a court must grant or deny such leave to amend in an exercise of its sound judicial discretion. *Marsh* v. *Conway*, 80 R. I. 124. In view of the remedial nature of the pertinent statute, it is our opinion that, absent some peculiar circumstance, the test whether the allowance or denial of such leave to amend constitutes an abuse of discretion is whether the declaration to which the demurrer was sustained is reasonably susceptible of being cured of its insufficiency by an appropriate amendment. Where it may reasonably be concluded that a defective declaration could by an appropriate amendment, made in good faith, state a cause of action, the court may grant leave to file an amended declaration in a proper exercise of its judicial discretion. Obviously where it appears from the record that a plaintiff could not in good faith cure a defective declaration by amendment, it would be an abuse of discretion on the part of the superior court to grant leave to amend.

In order for the superior court to apply such test and to determine the susceptibility of a defective declaration to cure by amendment, it must scrutinize the substance of the prior declarations and the reasons for which the demurrers thereto were sustained. In such a situation that court must necessarily be free to examine the prior pleadings for the purpose of ascertaining the feasibility of amendment in cure of the defective declaration. The rule stated in *Rott* v. *Blackstone Valley Gas and Electric Co., supra*, manifestly does not apply in these circumstances.

This court so acted when it reviewed an exercise of discretion by the superior court in *Marsh* v. *Conway, supra,* where that court had granted leave to a plaintiff to file a fourth amended declaration. There an examination of the prior pleadings in the case revealed a rather simple fact situation to which the plaintiff was required to apply the law. It also appeared that the plaintiff, despite contrary rulings by the court sustaining demurrers thereto, had re-

peatedly attempted in the amended declaration to combine two separate causes of action into one and to include in the amended declarations in various guises allegations to which prior demurrers had been sustained. At page 128 of that opinion we said: "In the instant case, by allowing a fourth amendment where the declaration was comparatively simple and where the record contradicted any reasonable conclusion that plaintiff was attempting in good faith to state a just cause of action consistently with prior rulings, the trial justice in effect did not exercise the sound discretion contemplated by the statute."

Concerning the exercise of the discretion that is contemplated in the statute, this court said in *Colitz* v. *Gilbert*, 53 R. I. 319, at page 320: "In such a matter the discretion of the court must be exercised in the light of reason applied to all the facts and with a view to the rights of all the parties to the action." Upon an examination of the record in the instant cases and the various pleadings contained therein, it is our opinion that the superior court properly exercised its discretion. The court stated primarily that the major ground for demurrer to the third amended declaration was the absence therefrom of allegations that plaintiffs were passengers in the automobile of defendants at defendants' invitation or with their consent. Stating that this omission was fatal to the sufficiency of the declaration, the superior court sustained the demurrer and, acting sua sponte, granted leave to file an amended declaration in each case within ten days. Implicit in that ruling is a conclusion on the part of the court that the insufficiency of each declaration was susceptible of cure by an appropriate amendment.

It further appears from the record in the instant cases that they present a complicated fact situation. The application of principles of negligence law to this fact situation required substantial skill on the part of the pleader. Not the least of the problems presented are those which arise

concerning the authority of the defendant operator, the status of plaintiffs as invitees, and the construction of the consent statute of the state of Connecticut. We are unable to accept defendants' contention that there is no difficulty involved in framing allegations pertinent to those issues. It is our opinion that in the successive declarations the efforts of the pleader to state a cause of action in such circumstances are probative of his good faith.

When the entire record is examined, it clearly appears that plaintiffs were obviously attempting to frame in good faith the allegations in each of the succeeding declarations consistently with the reasons for which demurrers to the prior declarations had been sustained. It is our opinion that the purpose of the statute makes the matter of a plaintiff's good faith in attempting to state a good cause of action in successive declarations material and relevant to the issue of whether the court in granting leave to amend abused its discretion. Where the plaintiff's good faith is apparent, it is strongly persuasive that the superior court in granting leave to amend was making a proper exercise of its discretion.

It is the conclusion of this court then, after examining the record in the instant cases, that the insufficiency of the third amended declaration of the plaintiff in each case could be cured by an appropriate allegation in an amended declaration and that the plaintiffs in their several successive declarations heretofore filed have been attempting in good faith to state a just cause of action. In such circumstances this court is unable to conclude that the superior court in granting leave to amend within ten days abused its judicial discretion. Our conclusion is to the contrary.

The defendants' exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Abedon, Michaelson and Stanzler, M. Louis Abedon,* for plaintiffs.

*Worrell and Hodge, Paul H. Hodge,* for defendants.