252 A.2d 920.

Samuel Corrado *et ux. vs.* Providence Redevelopment Agency, *et al.*

MAY 2, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Paolino, J. The plaintiffs, Samuel Corrado and his wife Dorothy Corrado, are the owners of real estate located at

312-314 South Main Street, in the city of Providence, within an area designated by the Providence Redevelopment Agency as "East Side Renewal Project No. R. I. R-4." This action, which was commenced by complaint filed on November 8, 1968, is against the Providence Redevelopment Agency and the city of Providence. The plaintiffs, who are taxpayers in the city of Providence, seek to enjoin the agency from taking their property by eminent domain and from entering into a contract with a redeveloper for the East Side Project. They also seek to restrain the city treasurer from using tax monies of the city for the project. The plaintiffs filed an amended complaint and the defendants filed answers, motions to dismiss, and special pleas pleading the statute of limitations.

The case was heard before a justice of the superior court on the amended complaint and the motions to dismiss and the special pleas. The trial justice granted the petition of the Maurania Corporation, a Rhode Island corporation which owned property in the area, to be heard and to file briefs as amicus curiae. The proposed redevelopment plan and the ordinance approving and adopting the official redevelopment plan for the project were introduced as exhibits. After hearing arguments of counsel the trial justice rendered a decision ordering that the complaint be dismissed with prejudice. Essentially, he based his decision on two grounds, one being that the complaint failed to state a claim upon which relief could be granted, and the other that the action was barred by the special statute of limitations, G. L. 1956, §45-32-22. In each case an order and judgment were entered granting defendants' motions to dismiss the amended complaint with prejudice.

The cause is before this court on the appeal of plaintiffs from the judgments entered in the superior court. We granted the petition of the Maurania Corporation to be heard and to file briefs as amicus curiae. 'Plantations As-

sociates have also filed briefs as amicus curiae. Since the issues raised in the case against the city are the same as those raised in the case against the agency, the city has joined in the briefs filed by the agency. In considering this appeal, we shall refer only to the case against the agency with the understanding that what we say and decide in that case applies equally to the case against the city. Because of the public interest involved in this appeal, we granted plaintiffs' motion for a special assignment. We also granted their motion for a stay of the order entered in the superior court on January 18, 1969, insofar as it affects their property, but subject to their filing a bond with the clerk of this court in the sum of $1,000 to pay costs and damages sustained by reason of the stay, if the present appeal is resolved against them. The plaintiffs have filed the bond in accordance with the order of this court.

This case involves the validity of the taking of plaintiffs' property for redeveloping purposes and the legality of the adoption of the redevelopment plan. Before discussing the facts out of which the present controversy arose, it may be helpful to review briefly the history of redevelopment legislation in this state. The first statute providing for the redevelopment of blighted areas is chap. 1802 of P. L. 1946, which was approved by the general assembly on April 26, 1946. The statute, which was called the "Community Redevelopment Act" was amended by P. L. 1948, chap. 2029, and P. L. 1949, chap. 2265.

On November 14, 1949, the justices of this court were asked for their opinions by the governor of this state advising him as to the constitutionality of chap. 1802, as amended. Two questions were propounded. The first was whether "the redevelopment of so-called blighted areas in accordance with" chap. 1802, as amended, constituted a "* * * public purpose for which public money may be spent, private property may be taken by condemnation, public

debt may be incurred and taxes may be levied, within the fundamental principle of constitutional law that these things may be done only for a public purpose and not for a private purpose * * *." The second question was whether the creation of redevelopment agencies with the power of eminent domain pursuant to the act violated sec. 1 of art. IX of the amendments of the constitution of this state. The justices were divided in their opinions. See *Opinion to the Governor*, 76 R. I. 249, 69 A.2d 531.

Chapter 1802, as amended, was superseded by P. L. 1950, chap. 2574. In June 1955, at a limited constitutional convention, the present art. XXXIII of amendments to our state constitution was adopted and subsequently approved by the voters on July 12, 1955. Thereafter chap. 2574 was superseded by P. L. 1956, chap. 3654, now designated as G. L. 1956, title 45, chaps. 31-33, and cited and known as the "Redevelopment Act of 1956." Article XXXIII reads as follows:

> "§1. Redevelopment powers. — The clearance, replanning, redevelopment, rehabilitation and improvement of blighted and substandard areas shall be a public use and purpose for which the power of eminent domain may be exercised, tax moneys and other public funds expended and public credit pledged. The general assembly may authorize cities, towns, or local redevelopment agencies to undertake and carry out projects approved by the local legislative body for such uses and purposes including (a) the acquisition in such areas of such properties as the local legislative body may deem necessary or proper to effectuate any of the purposes of this article, although temporarily not required for such purposes, and (b) the sale or other disposition of any such properties to private persons for private uses or to public bodies for public uses."

The redevelopment act of 1956 was enacted for the purpose of carrying out the redevelopment powers prescribed in art. XXXIII. In general, chap. 31 deals with redevelop-

ment agencies, chap. 32 with redevelopment projects, and chap. 33 with redevelopment financing. We will refer to specific sections of the act from time to time in this opinion in connection with our consideration of issues relating thereto.

The Providence Redevelopment Agency is a "public body, corporate and politic," created by chap. 2574 of the public laws of 1950 to prepare and carry out plans for redevelopment purposes under the act. *Balsamo* v. *Providence Redevelopment Agency,* 84 R. I. 323, 124 A.2d 238. The agency was continued in existence under §45-31-16 of the 1956 act. Under §45-32-6 the agency is given the power to select project areas and formulate redevolpment plans. It is also given certain corporate powers, §45-32-5, and the power of eminent domain, §§45-32-5 and 45-32-24.

Pursuant to the provisions of chaps. 31-33, it prepared a proposed plan for the redevelopment of an area within the city determined by it to be a "deteriorated blighted area" within the meaning of the act. This plan was prepared by the agency, approved by it, and presented at a public hearing conducted by order of the city council. After the hearing, certain changes not pertinent here, were made by the city council. On November 7, 1966 the city council, by ordinance, approved and adopted the proposed plan as the official redevelopment plan for "East Side Project No. R. I. R-4." The plan calls for the acquisition by the agency of certain properties in the project area, for the demolition of some of the properties to be acquired, and for the rehabilitation of others. The properties which are to be rehabilitated are some 17 in number and are located in the South Main - South Water section of the project.

The plaintiffs' property on South Main Street is one of those proposed for acquisition by the agency and for rehabilitation by a redeveloper. It is the agency's plan, upon acquisition, to sell plaintiffs' property to a redeveloper who

is to rehabilitate and restore the property in accordance with a contract to be executed with the agency. The contract, when executed, will set forth a specific plan for rehabilitation.

The amended complaint, which is the only one with which we are concerned in this proceeding, *Smith* v. *Golden,* 92 R. I. 446, 449, 169 A.2d 912, 914, is in two counts.

The complaint in count I alleges in pertinent part that plaintiffs are the owners of the property involved in this proceeding, that it is commercial property, that it is physically sound, that it does not imperil the health, safety, morals or welfare of the community, that the building is going to be kept and restored as part of the plan and disposed of to private third parties for use in the same or similar manner, and that plaintiffs are ready, willing and able to restore the building themselves in conformity with standards set by the plan. As stated above, plaintiffs argue that their constitutional rights are being violated by the threatened taking of their property. The second count of the complaint states in substance that in approving and adopting the redevelopment plan the city council exceeded its authority because of a failure to comply with the procedural requirements of the act and because it made an unlawful delegation of power to the Providence Redevelopment Agency.

As previously stated, the agency filed a motion to dismiss and a special plea pleading the statute of limitations prescribed in §45-32-22. The agency, pursuant to rule 12(b)(6) of the rules of civil procedure of the superior court, moved to dismiss the amended complaint on the ground that it failed to state a claim upon which relief could be granted. It based its motion primarily on our decisions in *Balsamo* v. *Providence Redevelopment Agency, supra,* and *Ajootian* v. *Providence Redevelopment Agency,* 80 R. I. 73, 91 A.2d 21. The motion also contains allega-

tions by the agency that the use for which plaintiffs' property is to be acquired is a public use, that the question as to what property it is necessary to take in order to accomplish the public purpose is for the legislature to decide, and that an exercise thereof by the legislature or any agency to which it delegates such power is not subject to judicial review.

In the special plea which the agency filed pursuant to rule 8(c) of the rules of civil procedure of the superior court, it is alleged that the official redevelopment plan for East Side Project R. I. R-4 was approved and adopted by the city council of Providence on November 7, 1966; that actions to contest the validity of the proceedings described in §§45-32-11 to 45-32-21 inclusive must be commenced within 30 days after the adoption of the redevelopment plan; that no action thereafter commenced shall raise any question concerning the validity of the proceedings and the adoption of the redevelopment plan; and that after the expiration of the 30-day period, the validity of the proceedings and the adoption of the redevelopment plan shall be conclusively presumed. The agency concludes its plea with a motion that the amended complaint be denied and dismissed with prejudice. It based its special plea upon the provisions of §45-32-22, which reads as follows:

"Further. proceedings as to redevelopment—Actions to contest validity.—Upon the adoption of the redevelopment plan, further proceedings with reference to the redevelopment of the project area may be commenced immediately by the agency. Actions to contest the validity of the proceedings prescribed by §§45-32-11 to 45-32-21, inclusive, must be commenced within thirty (30) days after the adoption of the redevelopment plan, and no action thereafter commenced shall raise any question concerning the validity of the proceedings and the adoption of the redevelopment plan provided for in the foregoing provisions of this chapter and chapter 31 of this title. After the expiration of said

period of thirty (30) days, the validity of the proceedings and the adoption of the redevelopment plan shall be conclusively presumed. Any petition to stay the agency from proceeding with the redevelopment plan shall be assigned for hearing by the superior court of the county within which the land lies within seven (7) days from the date of filing and all proceedings hereunder shall take precedence over all civil suits then pending before said court. The court, after formal hearing, may deny the petition or enjoin the agency from proceeding further, in whole or in part, or may make such other order as it deems appropriate."

In his decision the trial justice pointed out that it is shown in the plan and set forth in the amended complaint that the agency plans to restore some 17 buildings in the project area, including the building belonging to the plaintiff. He concluded that the restoration of an historic building comes within the purview of art. XXXIII, which provides for rehabilitation as well as clearance, replanning, redevelopment, and improvement of blighted and substandard areas, because, as he said, the restoration of an historic building comes within the purview of rehabilitation. In reliance on our decisions in *Balsama* and *Ajootian,* both *supra,* and on the reasoning of the supreme court of the United States in *Berman* v. *Parker,* 348 U. S. 26, 75 S. Ct. 98, 99 L.Ed. 27, he held that the rehabilitation and the preservation of historical structures privately owned are not beyond the scope of art. XXXIII and are included within the statutory scheme of chaps. 31 and 32 of title 45, as amended, and that the property taken pursuant to the act, once rehabilitated, demolished, or cleared, may be transferred not only to a public body for public uses, but also to private persons for private uses.

In considering the allegations in count II of the amended complaint, which raised the question whether the plan complied with the requirements of the act, the trial justice held that with respect to plaintiffs' property the plan conformed

to all of the requirements of §45-31-8(17) as well as of §45-32-8(h). With respect to the question whether the plan could be challenged after the expiration of 30 days subsequent to the adoption of the redevelopment plan, the trial justice held that the plan could not be challenged by any matter that was less than constitutional in scope. For convenience we note here that the plan was adopted on November 7, 1966, and the present action was commenced on November 8, 1968, two years subsequent to the adoption of the plan. However, he concluded that the question raised related to matters within the scope and comprehension of the act and were therefore barred because the action was not brought, pursuant to §45-32-22, within the 30-day period after the approval of the plan. He thereupon granted the agency's motion to dismiss with prejudice.

The plaintiffs' appeal raises two major issues, one questioning the legality of the taking of their property, and the other challenging the adoption of the East Side Project plan. A preliminary question, however, is raised by defendants' special plea of the statute of limitations based on §45-32-22. Before discussing that question we shall set forth plaintiffs' principal contentions, but shall not discuss them, because, on the view we take, plaintiffs' action is barred by the 30-day §45-32-22 statute of limitations.

I

The plaintiffs' first contention is that the taking of their property is not for a public use. They concede that taking for slum clearance is an obvious public use and that clearance is important in order to redesign the whole area so as to eliminate conditions that cause slums. However, they argue, since the building on their land will not be demolished or removed, its taking will not have any effect in correcting a "deteriorated blighted area," and taking this property and restoring it, as distinguished from the owners doing the same, will not improve the balance of the commu-

nity. They claim that the taking of their property serves no public purpose and that the ultimate result is the ousting of the present owners, denying them the right to do business there, and ultimately transferring the property through the developers into the possession of some third party for essentially the same use.

They further contend that since the power of eminent domain is an attribute of sovereignty which the general assembly has delegated pursuant to the provisions and limitations of art. XXXIII, all that can be delegated is that power necessary to carry out the purpose of art. XXXIII, specifically, the clearance, replanning, redevelopment, rehabilitation and improvement of blighted and substandard areas. They argue that since the purpose contemplated by art. XXXIII involves an exercise of police power, it should be strictly construed, and that when so construed, the proposed taking would be beyond the power conferred by art. XXXIII and, further, that the taking of property solely for restoration and preservation of an historic or antique building for continued private occupancy would not be within the scope of art. XXXIII.

## II

The plaintiffs' next contention is that the taking of their property is arbitrary and capricious and therefore unconstitutional. This argument is based on their allegations in paragraph 10 of the amended complaint that their building is structually sound, does not imperil the health, safety, morals or general welfare of the community, does not contribute to making the area blighted or substandard, and is, in fact, going to be restored as part of the East Side Project and disposed of to private third parties. In the circumstances, they claim, the threatened taking is without due process and in violation of art. V and XIV of amendments of the federal constitution.

## III

The plaintiffs next claim that the city council acted in excess of its jurisdiction in adopting the redevelopment plan and that therefore the ordinance of approval and the renewal project approved are invalid.

## IV

We come now to the question raised by defendants' special plea. Does the 30-day statute of limitations set forth in §45-32-22 bar all of plaintiffs' claims, including constitutional challenges, which contest "the validity of the proceedings and the adoption of the redevelopment plan"? As we have already indicated, §45-32-22 bars any claims, including constitutional challenges, brought by plaintiffs more than 30 days after the adoption of the redevelopment plan.

Our conclusion finds support in the legislative history of §45-32-22. Prior to the adoption of §45-32-22, the statute of limitations provision under the "Slum Clearance and Redevelopment Act," P. L. 1950, chap. 2574, repealed by P. L. 1956, chap. 3654, sec. 90, reads as follows:

> "Sec. 71. After the adoption of the redevelopment plan, further proceeding with reference to redevelopment of the project area shall be stayed for a period of 30 days. The time for the commencement of actions to contest the validity of the proceedings prescribed by the foregoing provisions of this act shall be barred upon the expiration of said period of 30 days, and no action thereafter commenced shall raise any question concerning the validity of the proceedings provided for in the foregoing provisions of this act, and in all actions commenced after the expiration of said period of 30 days, except as to matters affecting jurisdiction, the validity of the proceedings prescribed by the foregoing provisions of this act shall be conclusively presumed. Any taxpayer of any community in which a redevelopment agency has been established may bring action at any time after the adoption of a redevelop-

ment plan by the legislative body of said community to contest the validity of this act or any provision thereof, and to enjoin any further proceedings thereunder.

"Upon the expiration of said 30-day stay, the agency shall have the authority to execute such plan."

Section 71 had obvious drawbacks concerning the finality of the adoption of the redevelopment plan. Under that section any taxpayer in the affected community could presumably wait until all work under the redevelopment plan had been completed, and then bring an action contesting the validity of any provision in the "Slum Clearance and Redevelopment Act." If successful in this action, the taxpayer might succeed under certain circumstances in having the redeveloped area razed.

The second sentence of sec. 71, excluding "except as to matters affecting jurisdiction," is similar to the second and third sentences of §45-32-22. However, in §45-32-22, the conclusive presumption of validity extends also to "the adoption of the redevelopment plan." In comparison to sec. 71 of P. L. 1950, chap. 2574, in our opinion the express legislative intention in enacting §45-32-22 was to grant *without exception* finality and validity to both the proceedings and adoption of the redevelopment plan under §§45-31 and 45-32.

Section 45-32-22 expressly provides that upon the adoption of the redevelopment plan, further proceedings with reference to the redevelopment of the project area may be commenced immediately by the agency. The statute then goes on to provide that actions to contest the validity of the proceedings prescribed by §§45-32-11 to 45-32-21, inclusive, must be commenced within 30 days after the adoption of the redevelopment plan, and that no action thereafter commenced shall raise any question concerning *the validity of the proceedings and the adoption of the redevelopment plan* provided for in the foregoing provisions

of these chapters 31 and 32. The language of the statute indicates without doubt a legislative intent to provide certainty and finality to the actions of local legislative bodies with respect to questions affecting the validity of the proceedings and the adoption of redevelopment plans. The section further expressly provides that after the expiration of the 30-day period, the validity of the proceedings and the adoption of the redevelopment plan shall be conclusively presumed.

Section 45-32-22 states in effect that

"* * * any question concerning the validity of the proceedings and the adoption of the redevelopment plan provided for in the foregoing provisions of this chapter and chapter 31 of this title * * *"

is barred from being raised in any action commenced after the 30-day period following adoption of the plan. A literal reading of this clause allows for no exceptions for constitutional questions.

The parties have not raised and, therefore, we do not pass upon the question of reasonableness of a 30-day statute of limitations. For a discussion of this subject see *Dodge* v. *Prudential Ins. Co. of America*, 343 Mass. 375, 179 N.E.2d 234, 240.

For the reasons stated we hold that the plaintiffs' action was barred by §45-32-22 and therefore we do not reach the other issues raised by the plaintiffs.[1]

---

[1] A statute of limitations, like §45-32-22, *cannot* bar a claim by an interested party who was not given adequate notice and who had no knowledge of proceedings for adoption of a redevelopment plan.

Query whether notice by publication as provided in §45-32-4, as amended, and §45-32-11 meets the constitutional requirements of due process as set forth in *Schroeder* v. *City of New York*, 371 U. S. 208, 212-213, 83 S. Ct. 279, 282, 9 L.Ed.2d 255, 259: "* * * notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." See also *Langdeau* v. *Narragansett Ins. Co.*, 96 R. I. 276, 191 A.2d 28. But see *Tuite* v. *Zoning Board of Review,*

The plaintiffs' appeal is denied and dismissed, and the judgments appealed from are affirmed. The stay granted by this court is vacated and the cause is remanded to the superior court for further proceedings.

*Seth K. Gifford,* for plaintiffs.

Attorneys for Defendants:

*Paul F. Casey, Timothy J. McCarthy,* for Providence Redevelopment Agency.

*Robert J. McOsker,* City Solicitor, *Edward F. Malloy,* Assistant City Solicitor.

*Tillinghast, Collins & Tanner, William M. Sloan and James J. Skeffington,* for Maurania Corporation, amicus curiae.

*Hinckley, Allen, Salisbury & Parsons, Frank L. Hinckley, Jr.,* for Plantations Associates, amicus curiae.

---

95 R. I. 12, 182 A.2d 311, which held that publication in a newspaper without personal notice to landowners within a prescribed area satisfied the notice requirements of G. L. 1956, §45-24-18. Accord, *Mello* v. *The Board of Review,* 94 R. I. 43, 177 A.2d 533.

This question is not before us in this case since plaintiffs were present at the hearing on the adoption of the redevelopment plan and therefore had notice thereof.