265 A.2d 730.

LOCAL 850, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO, *vs.* PETE A. PAKEY, *City Manager of the City of East Providence, et al.*

MAY 18, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J.   This civil action was brought by Local 850 of the International Association of Firefighters, AFL-CIO, hereinafter referred to as Local 850, seeking to compel the defendant, Pete A. Pakey, City Manager of the City of East Providence, hereinafter referred to as the city, to abide by an agreement as to wages and other benefits awarded the fire fighters by a board of arbitration.   It appears that Local 850, as the collective bargaining agent for the permanent fire fighters of the city of East Providence, and the city were unable to reach any agreement while bargaining collectively concerning wages to be paid plaintiff's members and the conditions of employment to govern their employment during the fiscal year beginning November 1, 1969.   Local 850 thereupon invoked the provisions of G. L. 1956 (1968 Reenactment) §28-9.1-7 of the Fire Fighters' Arbitration Act, so called, and referred all unresolved issues to a board of arbitrators constituted pursuant to the provisions of that act.   The board of arbitration rendered an award on October 20, 1969, establishing the wages and working conditions in question.   Thereafter, on December 13, 1969, the arbitration board, after hearing allegations by Local 850 that the prior award had been obtained by the practice of fraud upon the board of arbitration by respondent city, amended the award granted in October.

In bringing this action plaintiff, in its prayer for relief, asked the court to confirm the award of the arbitrators as it was amended or in the alternative to amend that award or to issue its writ of mandamus directing defendants to abide by the second award, and then prayed for general

relief as follows: "Grant such other relief in the premises which to this Court, using its equitable power, may seem meet and just." The defendants moved to dismiss the complaint primarily on the ground that there was a failure to state a claim upon which relief could be granted pursuant to Rule 12 (b) (6) of Super. R. Civ. P. The motion to dismiss for failure to state a claim was granted by the Superior Court on January 12, 1970, and thereupon plaintiff moved orally for permission to amend its complaint. This motion was denied, and from these orders plaintiff is prosecuting an appeal to this court.

The prime issues presented in this case are: first, did the trial justice err in granting defendants' motion to dismiss count I of the complaint and, second, did the trial justice abuse his discretion by denying plaintiff's oral motion to file an amended complaint? An examination of the transcript indicates that the trial justice was of the opinion that there had been a failure to state a claim upon which equitable relief could be granted in the complaint. He said in express terms: "There is no question in my mind that the equity powers of the Superior Court are available to either the city or the firefighters if they feel that an award has been made—has been procured through fraud, but I feel that a Complaint drawn to this effect to void the entire arbitration proceeding must be brought."

It is the contention of plaintiff that such a specific prayer to vacate the entire award was not necessary in order to enable the court to exercise its equity power. It appears from the contention of plaintiff that in so arguing it is relying upon the prayer for general relief, that is, prayer (d) in the bill of complaint, which reads: "Grant such other relief in the premises which to this Court, using its equitable power, may seem meet and just." If we assume without deciding that the trial justice was correct in granting the motion to dismiss under Rule 12 (b) (6)

on the theory that the prayer for general relief was insufficient in the circumstances to justify a voiding of the entire award, it is our opinion that he erred in denying plaintiff's oral motion for leave to file an amended complaint after he had so ruled.

Rule 15 (a) of Super. R. Civ. P. authorizes a party to amend his pleading once as a matter of course at any time before a responsive pleading is served, or, if it be one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. The rule goes on to provide specifically: "Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Reporter's Notes relating to Rule 15 state, in part, as follows: "To a considerable extent it is in accord with the liberal practice prevailing in Rhode Island in respect to amendments. See Ringuette v. Superior Court, 88 R. I. 218, 145 A.2d 359 (1958); Wolf v. S. H. Wintman Co., 92 R. I. 470, 169 A.2d 903 (1961); Smith v. Golden, 92 R. I. 446, 169 A.2d 912 (1961); McVeigh v. McCullough, 96 R. I. 412, 192 A.2d 437 (R. I. 1963)."

In view of the liberal construction generally given to this rule, which liberal practice prevails in Rhode Island with respect to amendments, it is our opinion that the trial justice abused his discretion in denying plaintiff the right to amend its complaint so as to state a claim upon which relief could be granted. Direct support for this position is in 1 Kent, *R. I. Civ. Prac.* §15.4, at 152. It is there stated as follows: "When a complaint is dismissed for failure to state a claim upon which relief can be granted, the dismissal should be accompanied with a grant of leave to amend, *unless it appears to a high degree of cer-*

*tainty that amendment would be unavailing."* (italics ours)

We are of the opinion that leave to amend the petition should have been granted on the oral motion. It is clear that the circumstances of this case do not indicate "* * * to a high degree of certainty that amendment would be unavailing." In the transcript the trial justice conceded that if there had been an allegation of fraud in the procurement of the contract, the equity powers of the Superior Court would have been available to plaintiff. An examination, however, of the pleadings indicates that such an allegation was made in the seventh paragraph of the first count: "Said testimony by defendant Pakey and others on behalf of the City misrepresented the facts, was false and fraudulent since almost immediately after the Board made its award, the City within the same budget and without any increase in tax revenue, gave all other City employees a salary increase of approximately 15%."

If it were to be conceded that the above-quoted paragraph does not constitute a sufficient allegation of fraud in the procurement of the agreement, it would appear that such a defect could readily be corrected so as to state a claim upon which relief could be granted by the process of submitting an amended complaint. In the circumstances, then, we are constrained to conclude that the denial of the motion to amend by the trial justice constituted an abuse of judicial discretion.

The appeal of the plaintiff is sustained, and the judgment of the trial justice is reversed.

*Bernard F. McSally,* for plaintiff.

*Nathan E. Pass,* City Solicitor, for defendants.