387 A.2d 530.

THE WOONSOCKET HISTORICAL SOCIETY *et al. v.* CITY OF WOONSOCKET *et al.*

JUNE 2, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger,  JJ.

WEISBERGER, J.   The plaintiffs here are the Woonsocket Historical Society and certain individuals acting in their capacities as taxpayers and residents of the city of Woonsocket on their own behalf and on behalf of all persons

similarly situated. They brought this action in the Superior Court against the city of Woonsocket, its mayor, departments, agents and servants, and its redevelopment agency; Frederick C. Williamson in his capacity as the Rhode Island Historic Preservation Officer; and Club Marquette, Inc., the owner of a certain building alleged to have historical significance. The action was brought to enjoin the demolition of a building known as St. Ann's Gymnasium or more lately as the Club Marquette Building (the building). The demolition of the building was planned by the redevelopment agency in the process of widening Cumberland Street in Woonsocket from its present width to a four-lane roadway.

The prayer for injunctive relief is based upon an alleged violation of the provisions of the National Historic Preservation Act of 1966 (NHPA), 16 U.S.C.A. §§470a-t (1974). Section 470f of the NHPA reads as follows:

> "The head of any Federal agency having direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking in any State and the head Federal department or independent agency having authority to license any undertaking shall, prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license, as the case may be, take into account the effect of the undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register. The head of any such Federal agency shall afford the Advisory Council on Historic Preservation established under sections 470i to 470n of this title a reasonable opportunity to comment with regard to such undertaking."

The NHPA was adopted in 1966 and was amended in 1976 to include properties eligible for inclusion in the National Register as well as those actually so included. The complaint alleges that the building was determined to be eligible for

inclusion in the National Register of Historic Places and that notification of this eligibility was given to the city of Woonsocket by a representative of the Secretary of the Interior on August 20, 1976, thus imposing the obligations of the statute upon federal agencies to take certain steps prior to the approval of the expenditure of any federal funds.

The complaint further alleges that the redevelopment agency had embarked upon a series of federally funded activities in the "Social Flatlands" area of Woonsocket pursuant to a general plan adopted by the city council in 1969 and has received in excess of $5,000,000 in federal grants since 1971. It appears undisputed by the parties, though not set forth in the complaint, that an ordinance adopting an urban renewal plan for this area know as "Neighborhood Development Program No. RI A-3-3" was passed and approved by the mayor on April 3, 1973, to become effective April 13, 1973. The instant action was commenced August 12, 1977.

Although the complaint alleges that a number of actions took place following the notice of eligibility of the building and that these actions were purportedly in compliance with section 800.5 of the "Procedures for the Protection of Historic and Cultural Properties," 36 C.F.R. §80 (1977), established by the Advisory Council on Historic Preservation, the complaint alleges that for various reasons the purported compliance was inadequate and insufficient.

The defendants moved to dismiss the complaint on the ground that the Superior Court lacked jurisdiction since action had been commenced in excess of 30 days after the adoption of the urban renewal plan. The Superior Court dismissed the complaint on the ground that plaintiffs had failed to comply with that 30-day limitation established by G.L. 1956 (1970 Reenactment) §45-32-22. This statute had previously been construed quite stringently as barring any actions, including constitutional challenges, brought more than 30 days after the adoption of the redevelopment plan.

*Corrado* v. *Providence Redevelopment Agency,* 105 R.I. 470, 252 A.2d 920 (1969). This strict interpretation was reaffirmed in *Paiva* v. *Providence Redevelopment Agency,* 116 R.I. 315, 356 A.2d 203 (1976).

The plaintiffs claim that the Superior Court had jurisdiction to enforce the provisions of the NHPA and that the court was required to enjoin demolition of the building until procedures mandated by the regulations of the Advisory Council on Historic Preservation were appropriately and properly obeyed.

It is significant to note at this juncture that the instant complaint does not seek to subject to the jurisdiction of the Superior Court the head of the federal agency having direct or indirect jurisdiction over this undertaking.

The general rule as set forth by Professor Moore is that state courts have concurrent jurisdiction of federal questions unless such jurisdiction has been removed expressly or by necessary implication. 1 Moore, *Federal Practice* ¶0.6 at 230-40 (2d ed. 1977). Indeed, the first Judiciary Act contemplated federal jurisdiction in the state courts subject only to review by the United States Supreme Court, and Congress did not vest federal question jurisdiction in the lower federal courts until 1875. *Id.* at 230-32. As succinctly stated in *Claflin* v. *Houseman,* 93 U.S. 130, 136, 23 L. Ed. 833, 838 (1876):

> "The laws of the United States are laws in the several States, and just as much binding on the citizens and courts thereof as the State laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and, within its jurisdiction, paramount sovereignty. Every citizen of a State is a subject of two distinct sovereignties, having concurrent jurisdiction in the State, — concurrent as to place and persons, though distinct as to subject-matter. Legal or equitable rights, acquired under either system of laws,

> may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its constitution in the exercise of such jurisdiction."

■ Thus, although a federal court may have jurisdiction over a federal question, where Congress has not withdrawn jurisdiction from the state courts, the state courts must exercise jurisdiction over the federal claim or question. *Testa* v. *Katt*, 330 U.S. 386, 67 S. Ct. 810, 91 L. Ed. 967 (1947); *Mondou* v. *New York, New Haven & Hartford Railroad*, 223 U.S. 1, 32 S. Ct. 169, 56 L. Ed. 327 (1912); *Claflin* v. *Houseman, supra*. Therefore, this court will assume that it has jurisdiction over the subject matter of a federal question arising under the Constitution or laws of the United States, including the NHPA.

Some authorities have suggested further that state courts may have jurisdiction over federal officers. *Tennessee Electric Power Co.* v. *Tennessee Valley Authority*, 306 U.S. 118, 59 S. Ct. 366, 83 L. Ed. 543 (1939); *Lewis Pub. Co.* v. *Wyman*, 152 F. 200 (C.C.E.D. Mo. 1907); *Bryant Bros.* v. *Robinson*, 149 F. 321 (5th Cir. 1906); 1 *Moore, supra* at 247-48; Arnold, *The Power of State Courts to Enjoin Federal Officers*, 73 Yale L.J. 1385 (1964).[1]

■ The sole defendants before us are state and municipal officers and a private corporation. It has been held that the NHPA is not applicable to a privately owned structure. *Edwards* v. *First Bank of Dundee*, 534 F.2d 1242 (7th Cir. 1976). It has also been held that the NHPA imposes no duties upon state officials but only upon federal agencies. *Ely* v. *Velde*, 451 F.2d 1130 (4th Cir. 1971). A reading of the

---

[1] A series of cases in the state of New York hold to the contrary. *Wasservogel* v. *Meyerowitz*, 300 N.Y. 125, 89 N.E.2d 712 (1949); *Armand Schmoll, Inc.* v. *Federal Reserve Bank*, 286 N.Y. 503, 37 N.E.2d 225 (1941); *Fox* v. *34 Hillside Realty Corp.*, 87 N.Y.S.2d 351 (Sup. Ct. 1949), *aff'd mem.*, 276 App. Div. 994, 95 N.Y.S.2d 598 (1950).

statute discloses that the opinion of Judge Sobeloff is persuasive in *Ely* on this issue. The mandate is directed towards heads of federal agencies and departments, not toward state or municipal officers. It is therefore our opinion that there is no one now before the court in respect to whom the NHPA could furnish the basis of any judicial relief, injunctive or otherwise.

Since the parties concede that the only basis for complaint in this instance is an alleged violation of 16 U.S.C.A. §470f, and since all other bases for challenge have long ago been foreclosed by the statute of limitations contained in §45-32-22, and since the parties who would be relevant to the federal statute are not before the court, the Superior Court was correct in dismissing the action. The dismissal might have been based on any of several grounds, including but not limited to the failure to join an indispensable party pursuant to the provisions of Rule 12(b)(7) of the Superior Court Rules of Civil Procedure. *Anderson v. Anderson,* 109 R.I. 204, 283 A.2d 265 (1971); *accord, Stevens v. Loomis,* 334 F.2d 775 (1st Cir. 1964). It is unnecessary to decide whether the joinder of federal officials would have removed the bar of the Rhode Island statute of limitations.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*Abatuno & Fishbein, Michael A. Abatuno, Peter G. Berman,* for plaintiffs.

*Thomas J. Kane, Gerald M. Brenner, Paul A. Fontaine,* for defendants.