[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant State of Rhode Island (the State) moves this Court for permission to amend its answer in the above-entitled matter to add timeliness and unconstitutionality as affirmative defenses. James Osborn (Plaintiff) opposes the
Plaintiff originally filed this cause of action in 1984 under a special legislative act establishing an independent statute of limitations for plaintiff's cause of action and permitting Plaintiff to recover monetary damages well in excess of the statutory limit. The case proceeded to trial in 1989 and the jury returned a verdict for the State. The presiding trial justice granted Plaintiff's motion for a new trial and our Supreme Court affirmed. A second trial was scheduled to proceed before this Court on January 21, 1991.
On January 17, 1991, this Court entertained oral argument on the parties' cross-motions for summary judgment. During arguments, the State made an oral motion to amend its answer to add timeliness and unconstitutionality of the special legislation as affirmative defenses. Rule 7 of the Rhode Island Rules of Civil Procedure allow for oral motions made at hearing. Plaintiff objected to the State's attempt to amend its answer at this late date. Since the State's motion was made orally without prior notice to plaintiff, the Court offered Plaintiff additional time to brief and argue the propriety of the motion to amend. Plaintiff indicated that additional time was unnecessary and elected to rest on its previously submitted memorandum.
Rule 8 of the Rhode Island Rules of Civil Procedure provides that a party's answer or responsive pleading must set forth affirmatively any matter constituting an affirmative defense. Both timeliness (statute of limitations) and unconstitutionality (illegality) are specifically included in the list of defenses that must be plead affirmatively. While the general rule requires that affirmative defenses are waived when not plead in a party's answer, failure to raise a defense does not forever preclude a party from raising it. Transport Trailer Service, Inc. v. UpjohnCo., 506 F. Supp, 442, 443 (E.D. Pa. 1981). The proper remedy for a party who fails to raise an affirmative defense is a motion for leave to amend under Rule 15. Id.; 5 Wright, Federal Practice and Procedure § 1278 (1982).
As it relates to the case at bar, Rule 15 provides that leave to amend shall be freely given when justice so requires. A motion to amend is a matter within the sound discretion of the trial justice. Inleasing Corp. v. Jessup, 475 A.2d 989, 992 (R.I. 1984). Our Supreme Court has continuously emphasized that motions to amend must be liberally granted in the absence of extreme prejudice to the non-moving party. Waschberger v. Pepper,583 A.2d 77, 78 (R.I. 1990). The true spirit of Rule 15 contemplates that amendments to pleadings should be liberally permitted so that disputes may be resolved on the merits of the competing issues rather than blind adherence to procedural technicalities.Inleasing Corp., supra, at 992.
The burden clearly rests on the non-moving party to establish extreme prejudice before the reviewing court will deny a motion to amend. Wachsberger, supra, at 78-79. Plaintiff points to prior case travel and the State's delay in asserting this motion to establish the existence of extreme prejudice. While this Court is not unmindful of plaintiff's significant investment of time and money, it is clear that delay alone is an insufficient reason to deny a motion to amend. Inleasing Corp., supra, at 992; see Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973) (while motion to amend was made five years after case was filed, delay alone was not sufficient to deny motion in the absence of prejudice.) The Rhode Island Supreme Court has permitted amendments to pleadings after a trial justice granted a motion to dismiss, Local 850, International Association ofFirefighters v. Pakey, 107 R.I. 124, 265 A.2d 730 (1970), one day prior to the day a case was noticed for trial, Mikaelian v.Drug Abuse Unit, 501 A.2d 721 (R.I. 1985), and at the completion of a trial on the merits, Wilkinson v. Vesey, 110 R.I. 606,295 A.2d 676 (1972).
Plaintiff has failed to establish that this amendment will result in extreme prejudice. The potential to lose a prior investment of time and money cannot constitute The addition of timeliness and unconstitutionality as affirmative defenses will impose no additional burden on Plaintiff since the issues raised are for this Court to decide as a matter of law.See Canal Ins. Co. v. Merritt, 654 F. Supp. 285, 287 (W.D. Mo. 1986). Where a party moves to amend its answer to raise constitutional issues of first impression, the interests of justice in permitting amendment are even more compelling. This is not a case where the proposed amendment would require after the case was filed. There is also no evidence that shows that the State's delay was dilatory or otherwise affected by bad faith. Beyond the actual delay of the State in asserting these defenses, this Court finds that Plaintiffs have failed to show extreme prejudice. Accordingly, the State's motion to amend its answer is hereby granted.
Counsel shall prepare an appropriate order for entry.