[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the court are two motions. Louis Swiech, et als ("Plaintiffs"), pursuant to R.C.P. 15(a), move to amend their complaint and Anthony Solomon, et als ("Defendants"), pursuant to R.C.P. 54(b), move for entry of final judgment. Previously, this court, Gibney, J., PC 91-4810 rendered a decision on January 15, 1992 granting the defendants' R.C.P. 12(b)(6) motion to dismiss.
The undisputed facts of the controversy involve an automobile accident that occurred on or about April 16, 1989. The accident resulted when a car driven by one of the plaintiffs was hit while taking a left at an intersection through which another car, travelling from the opposite direction, was proceeding through a green light. In their original complaint, the plaintiffs alleged that the State, as well as other named parties, were negligent in planning, designing, and otherwise maintaining the intersection and that such negligence was the proximate cause of the accident.
The State moved to dismiss the complaint on two grounds. First, the State asserted that the decision to construct a new highway or to repair an existing one is a governmental planning decision for which it is shielded from liability under the doctrine of discretionary immunity. Alternatively, the State argued that the doctrine of sovereign immunity operates as a bar to plaintiffs' recovery.
During oral argument, the plaintiffs attempted to make a motion to amend their complaint but the motion was not addressed by the court. The court granted the State's motion to dismiss, however, finding that the doctrine of sovereign immunity barred the plaintiffs' claim. In so holding, the court noted the plaintiffs had failed to establish a set of facts necessary to fall within any of the exceptions to this doctrine. Specifically, the court enumerated the "special duty" exception of Knudsen v.Hall, 490 A.2d 976 (R.I. 1985) and O'Brien v. State,555 A.2d 334 (R.I. 1989); the "private function" exception of Polaski v.Reilly, 559 A.2d 646, 647 (R.I. 1989); and the "egregious conduct" exception of Verity v. Danti, 585 A.2d 65 (R.I. 1991).
Plaintiffs now move this court to amend their complaint to correct the deficiencies in their pleading. Specifically, the plaintiffs move to amend sections 16, 17, 18, and 19 of their complaint to include facts alleging the existence of egregious conduct on the part of the State.
Alternatively, the defendants object to plaintiffs' motion to amend on the grounds that same is untimely and not in compliance with the Rhode Island Rules of Civil Procedure.
With respect to amendment of pleadings by leave of court, R.C.P. 15(a) in relevant part provides that ". . . leave shall be freely given when justice so requires." The purpose behind this liberal policy of permitting amendments is that ". . . pleading is to facilitate a proper decision on the merits." 1 Kent, R.I. Civ. Prac. § 15.3 at 151-52 (1969). The decision whether to grant such a motion to amend is within the sound discretion of the Superior Court to permit at any time. Wolf v. S.H. Wintman Co.,92 R.I. 470, 472, 169 A.2d 903, 905 (1961).
With respect to a motion to amend a complaint that has been dismissed for failure to state a claim upon which relief can be granted, the court should accompany such a dismissal with a grant of leave to amend ". . . unless it appears to a high degree of certainty that the amendment would be unavailing." Kent, § 15.4 at 152. While Professor Kent suggested that pursuant to R.C.P. 58 judgment should immediately enter if a complaint is unconditionally dismissed pursuant to R.C.P. 12(b)(6), R.C.P. 15(a) clearly mandates that such leave to amend be "freely given." In fact, a standard used by the courts in deciding whether to grant leave to a party to amend is ". . . whether or not the allegations of other facts consistent with the challenged pleading could cure the deficiency in the complaint." Asher v.Harrington, 461 F.2d 890, 895 (7th Cir. 1972). In Local 850,International Association of Firefighters v. Pakey,107 R.I. 124, 265 A.2d 730 (1970), our Supreme Court found that a trial justice who had denied a motion to amend a complaint, after the complaint had been dismissed pursuant to R.C.P. 12(b)(6), had abused his discretion as it had not appeared that such an amendment would be unavailing in the circumstances of the case. Essentially, if the amendment is not clearly futile, then denial of leave to amend is improper. Wright, Miller Kane, FederalPractice and Procedure: Civil 2d § 1487 (1990).
Crucial to a court's decision as to whether to permit a party to amend a complaint, however, is the factor of undue prejudice to the opposing party. This prejudice has been defined as ". . . unfair surprise, loss of witnesses, and eleventh hour surprise . . ." Horowitz v. Universal Underwriters, 580 A.2d 395, 400 (Pa. Super. 1990). In Faerber v. Cavanagh, 568 A.2d 326 (R.I. 1990), our Supreme Court did find such prejudice would be created from a granting of a motion to amend that would result in a party's litigating a counterclaim twelve years after a complaint was filed and which would warrant a considerable amount of new discovery. Conversely, our Supreme Court found that prejudice resulting from an amendment which would catch a party "off guard" could be cured by a brief continuance. Order of St. Benedict v.Gordon, 417 A.2d 881, 883 (R.I. 1980).
In the case at bar the plaintiffs have moved to amend sections 16, 17, 18, and 19 of their complaint to now offer facts that "could" constitute an exception to the sovereign immunity doctrine — egregious conduct on the part of the defendants. As the court has consistently stressed a complaint is sufficient unless it is clear beyond a reasonable doubt that the plaintiff is not entitled to relief under any set of facts that might be proved in support of his or her claim. Bragg v. Shoppers' World,Inc., 102 R.I. 8, 227 A.2d 582 (1967).
This court has considered the memoranda and arguments of counsel. After evaluating the proposed amended complaint and finding same to offer a set of facts possibly justifying recovery, and further finding that granting leave to amend would not be so startling to the defendants as to constitute substantial prejudice, this court grants the plaintiffs' motion to amend their complaint. This court therefore denies the defendants' motion for entry of final judgment with respect to the defendants' motion to dismiss.