STATE AIRPORT COMMISSION *vs.* BEATRICE M. MAY.

NOVEMBER 18, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J.   This is an action of trespass and ejectment brought to obtain possession of a certain tract of land situated in the town of Warwick.   The right to possession of said land is asserted by virtue of condemnation proceedings instituted under the provisions of Chapter 1353 of the Public Laws, 1929. After pleading the general issue the defendant, by motion, raised certain constitutional questions and the case was certified to this court under provisions of Section 1, Chapter 348, General Laws, 1923.

Chapter 1353 of the Public Laws created the State Airport Commission, the plaintiff in the present case, and gave to said commission the right to acquire land by purchase or by condemnation for a State airport.

The defendant does not contend that the lands to be thus acquired were not for a public purpose nor that the statute does not adequately provide for compensation for the lands so taken.

Her contention is that inasmuch as the statute contains no provision for compensation for loss which may arise, by reason of said condemnation, to the poultry business which she conducts on the land in question, the statute is in conflict with sections 10 and 16 of Article I of the Constitution of the State of Rhode Island.

This court has repeatedly held that Section 10 of Article I of the Constitution is applicable only to proceedings in criminal cases.   That said section can not be invoked in defence of property rights apart from such criminal proceedings is no longer open to discussion.   *Joslin Mfg. Co.* v. *Clarke*, 41 R. I. 350; *East Shore Land Co.* v. *Peckham*, 33 R. I. 541.

Section 16 of Article I of the Constitution is a specific provision for the protection of property rights as against the power of the State to take the same for public uses. It reads as follows: "Private property shall not be taken for public uses, without just compensation." The great weight of authority is to the effect that the constitutional requirement as to just compensation is complied with if the statute authorizing the taking provides for the payment for the property actually taken. Lewis Eminent Domain (3rd ed.) §727. It will be noted that with respect to property taken for public uses the personal element is omitted from this section of the Constitution. In *Monongahela Navigation Co. v. U. S.* 148 U. S. 312, the court, speaking of the Fifth Amendment to the Constitution of the United States, which contains a provision for just compensation similar to Section 16, Article I of the Constitution of Rhode Island, said: "Every other clause in this Fifth Amendment is personal. 'No person shall be held to answer for a capital, or otherwise infamous crime,' etc. Instead of continuing that form of statement, and saying that no person shall be deprived of his property without just compensation, the personal element is left out, and the 'just compensation' is to be a full equivalent for the property taken."

In the instant case the business conducted on the land in question was not taken and it may be moved to and conducted at another location. Compensation for the property actually taken for public uses is provided for and any incidental loss or inconvenience to the business must be borne by the owner in the interest of the general public. *Ranlet v. Concord R. R. Co.*, 62 N. H. 561.

The legislature may, and in some instances has, provided for loss to a business arising from the condemnation of the land on which such business was conducted but such additional compensation rests in the discretion of the legislature, and failure to provide for the same in the statute authorizing the taking does not render the statute in conflict with the constitutional provision as to just compensation.

Our decision is that Chapter 1353 of the Public Laws of Rhode Island, 1929, is not in violation of sections 10 and 16 of Article I of the Constitution of Rhode Island as contended by the defendant.

The papers in this case with our decision certified thereon are ordered to be sent back to the District Court of the Fourth Judicial District for further proceedings.

*Benjamin M. McLyman, Atty. G., J. Raymond Dubee,* Special Counsel for plaintiff.

*Frank L. Hanley,* for defendant.