314 A.2d 152.

GOLDEN GATE CORPORATION *vs.* TERENCE J. SULLIVAN *et al.*
GOLDEN GATE CORPORATION *vs.* ROBERT POIRIER *et al.*

JANUARY 24, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

642

DORIS, J. These are two petitions, one to enjoin the town council of Narragansett from condemning approximately 190 acres of petitioner's land located in Narragansett for parks, recreation, and conservation purposes pursuant to P.L. 1972, ch. 237, and the other to enjoin the school committee of said town from condemning another portion of petitioner's land for a public high school pursuant to G.L. 1956 (1969 Reenactment) chapter 9 of title 16, sections 5 to 8.

The petitioner obtained a temporary restraining order against the town council on July 19, 1972, and another against the school committee on September 8, 1972, to prevent respondents from proceeding to take petitioner's property by eminent domain. There were then separate hearings in the Superior Court on each petition for a preliminary injunction. Both petitions were denied after hearing.

The petitioner then petitioned this court to issue writs of certiorari. On November 1, 1972, this court issued two orders granting the petitions for writs of certiorari, staying the orders issued in the Superior Court denying the preliminary injunctions and dissolving the restraining orders, staying respondents from proceeding with any steps or procedures looking to or designed to implement or carry out

the taking by eminent domain of petitioner's real estate, and consolidating the two petitions for hearing. *Golden Gate Corp.* v. *Poirier,* 110 R. I. 948, 296 A.2d 120 (1972); *Golden Gate Corp.* v. *Sullivan,* 110 R. I. 947, 296 A.2d 119 (1972).

When these matters came before us for hearing on October 1, 1973, the petition seeking an injunction against the school committee of Narragansett had become moot because the school committee no longer intended to use petitioner's land as the site for a high school. This change of intention was disclosed by counsel for the school committee during oral argument, and agreed to by counsel for petitioner. There are three issues involved in the petition against the town council which we will consider *seriatim.*

I

The petitioner first contends that P.L. 1972, ch. 237, is unconstitutional because it does not provide for a public hearing prior to condemnation. It argues that the due process clause of the fourteenth amendment of the United States Constitution requires such a hearing. It concedes that such notice has never been required, and cites no cases or authority to support its argument. However, petitioner urges a change in the law, and relies on *Fuentes* v. *Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), to demonstrate the necessity of a hearing before all property rights are affected. We do not agree.

*Fuentes* involved Florida and Pennsylvania prejudgment replevin statutes which authorized the summary seizure of goods or chattels in a person's possession. Both statutes provided for the issuance of a writ of replevin ordering state agents to seize a person's possessions upon the *ex parte* application of any other person who claimed a right to possession and posted a security bond. Neither statute provided for notice to the possessor of the property or a prior hearing to challenge the seizure.

644

The Court held that these statutes violated the fourteenth amendment's guarantee that no state shall deprive any person of property without due process of law because they failed to provide for hearings at a meaningful time, i.e., before the seizure. The right to a prior hearing attaches only to the deprivation of an interest encompassed within the fourteenth amendment. *Fuentes* v. *Shevin, supra.* However, the right to a hearing before the taking of private property by eminent domain is not a right encompassed within the fourteenth amendment. The necessity and expediency of taking private property for public use is a legislative question, and a hearing thereon is not essential to the due process guaranteed in the fourteenth amendment. *North Laramie Land Co.* v. *Hoffman,* 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953 (1925); *Georgia* v. *Chattanooga,* 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796 (1924); *Joslin Mfg. Co.* v. *City of Providence,* 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167 (1923); *Bragg* v. *Weaver,* 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919).

We accordingly hold petitioner's argument that P.L. 1972, ch. 237, is unconstitutional because it fails to provide a public hearing before property is condemned, to be without merit.

## II

The petitioner concedes that P.L. 1972, ch. 237 is constitutional, except for the right to a precondemnation hearing discussed in I, *supra.* However, it argues that the town council should not be allowed to consider and pass the ordinance to condemn petitioner's property without reasonable assurance that it will have the necessary funds to complete condemnation proceedings because it is unreasonable and arbitrary to interfere with a land owner's property without such assurance.

The petitioner cites no authority for this argument, and we could find none in our research. And in order to justify

the issuance of a preliminary injunction, petitioner must establish a prima facie case. *Studley Land Co.* v. *Myers,* 81 R. I. 426, 103 A.2d 924 (1954); *Blackstone Hall Co.* v. *Rhode Island Hospital Trust Co.,* 39 R. I. 69, 97 A. 484 (1916).

Therefore, petitioner has failed to sustain its burden and the trial justice was correct in not issuing a preliminary injunction.

## III

The petitioner's final contention is that the trial justice erred in making a finding of fact in his decision on the preliminary injunction, and it argues that its only obligation at the hearing on the preliminary injunction is to make out a prima facie case, and not to prove all the material facts.

Pursuant to P.L. 1972, ch. 237, the town council attempted to enact an ordinance condemning the property in question. Under the procedures used by the town council, an ordinance must be passed twice before it becomes effective. In this case, after the first passage of the ordinance, petitioner obtained a temporary restraining order which is still in effect.

At the hearing on the preliminary injunction, petitioner claimed that the first passage was invalid because there was no description by metes and bounds attached to the ordinance at the time it was read and passed. In his decision, the trial justice found as a fact that the metes and bounds description was attached to the council resolution and was incorporated by reference therein. He accordingly found the first passage to be valid. There was no error in making such a finding. Findings of fact in a decision on preliminary injunction are specifically authorized by Super. R. Civ. P. 52(a) which states in relevant part:

646

"* * * [A]nd in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action."

Findings of fact of a trial justice will not be reversed unless his findings are clearly wrong, or he has misconceived or overlooked material evidence. *McKendall Lumber Co.* v. *Buratti,* 107 R. I. 158, 265 A.2d 732 (1970); *Abilheira* v. *Faria,* 102 R. I. 214, 229 A.2d 758 (1967). On our reading of the record we cannot say that the trial justice was clearly wrong, or misconceived or overlooked material evidence.

The petitions for certiorari are hereby denied and dismissed. The writs improvidently issued are quashed, and the papers certified to us are returned to the Superior Court with our decision endorsed thereon.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for petitioner.

*James E. McGwin,* Special Counsel, for respondents.