356 A.2d 203.

LEWIS PAIVA *vs.* PROVIDENCE REDEVELOPMENT AGENCY.

APRIL 26, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an appeal by the plaintiff from an order entered in the Superior Court denying and dismissing his complaint on the ground that he failed to file his complaint in this matter within the 30 days allowed by statute. General Laws 1956 (1970 Reenactment) §45-32-22.[1]

In June 1966, plaintiff became the owner of certain nonresidential premises located on South Main Street in the city of Providence. The land contains two buildings; one is a garage and the other is characterized by plaintiff as being "of historic nature." The property was located within the so-called East Side Renewal Project which was in the planning stage in mid-1966. In conjunction with the proposed adoption of said project, as required by §45-32-11, a public hearing was scheduled for August 31, 1966. Notice of the impending hearing was published upon defendant's request in the Providence Journal on August 1, 8, 15 and 22, 1966 and in the Evening Bulletin on August 1, 8 and 22, 1966. No individual notice was pro-

---

[1]General Laws 1956 (1970 Reenactment) §45-32-22 reads as follows:

"Further proceedings as to redevelopment—Actions to contest validity. —Upon the adoption of the redevelopment plan, further proceedings with reference to the redevelopment of the project area may be commenced immediately by the agency. Actions to contest the validity of the proceedings prescribed by §§45-32-11 to 45-32-21, inclusive, must be commenced within thirty (30) days after the adoption of the redevelopment plan, and no action thereafter commenced shall raise any question concerning the validity of the proceedings and the adoption of the redevelopment plan provided for in the foregoing provisions of this chapter and chapter 31 of this title. After the expiration of said period of thirty (30) days, the validity of the proceedings and the adoption of the redevelopment plan shall be conclusively presumed. Any petition to stay the agency from proceeding with the redevelopment plan shall be assigned for hearing by the superior court of the county within which the land lies within seven (7) days from the date of filing and all proceedings hereunder shall take precedence over all civil suits then pending before said court. The court, after formal hearing, may deny the petition or enjoin the agency from proceeding further, in whole or in part, or may make such other order as it deems appropriate."

vided to area residents. The parties agree that this constructive notice complies with the requirements for notice set forth in §45-32-11. The hearing took place as scheduled.

The inspection of nonresidential structures within the project area, such as those owned by plaintiff, was conducted during the years 1961 through 1966 by the Building Inspection Department of the city of Providence and by private consultant firms retained by defendant. The findings of these parties were reported to planners who, in turn, made recommendations to defendant and to a formal committee composed of area residents. The defendant, upon consideration of the committee's recommendations and its own deliberations, would then approve a plan which would subsequently be submitted to the Providence City Council for enactment. Upon enactment of the plan, defendant would take all those properties which had been found on inspection to be substandard. The property owners' damages resulting from the taking of the property would be subsequently determined.

In the present case, the structures on plaintiff's South Main Street property were classified as substandard non-residential and thus were slated for acquisition by defendant under the East Side Renewal Project as adopted on November 7, 1966. In early 1969, plaintiff was in receipt of several communications from defendant informing him of defendant's proposed action regarding his property and offering him a final price of $20,000 therefor. The property was actually taken by defendant on February 14, 1969.

The plaintiff filed a complaint in the Superior Court on March 13, 1969 alleging, *inter alia*, that defendant intended to convey the premises to private third parties for uses substantially the same as the uses to which said premises were then being put; that the redevelopment plan is so lacking in specifications and details regarding particular properties that defendant is afforded the exer-

cise of arbitrary discretion in excess of any valid delegation of authority; that the taking of real estate for use in its present form by private third parties is not a public use and therefore violates the State and Federal Constitutions; and that plaintiff is ready, willing and able to conform his property to any existing or future plans or standards. The complaint demanded that defendant be enjoined from entering into any agreement with any person regarding the use of the land, that the taking be declared illegal, void and of no effect, and that defendant be required to divest itself of the subject real estate. The case was heard on March 6, 1974 before a justice of the Superior Court sitting without a jury. The decision of the trial justice, issued on May 2, 1974, was confined to a consideration of the "special defense" entered by defendant in answer to the complaint, that the expiration of the 30-day statute of limitations included in §45-32-22, required dismissal of plaintiff's claim for relief. In dismissing the complaint, the trial justice relied upon this court's decision in *Corrado* v. *Providence Redev. Agency,* 105 R. I. 470, 252 A.2d 920 (1969), to support his holding that no action commenced after the 30-day limitation shall raise any question concerning the validity of the proceedings.

The trial justice held further that our holding in *Golden Gate Corp.* v. *Sullivan,* 112 R. I. 641, 314 A.2d 152 (1974), absolves the redevelopment agencies of any duty to hold a precondemnation hearing at all and that a plaintiff has no cause to complain where he has only 30 days in which to object to the outcome of a hearing to which he has no entitlement in the first instance. The plaintiff appealed from the dismissal of his cause of action.

In his appeal plaintiff raises two major points. First, he alleges he was entitled to actual notice of the pretaking hearings. Second, he claims that the failure to

provide him with notice resulted in a violation of his constitutional right, under the fifth and fourteenth amendments to the United States Constitution, not to be deprived of his property without due process of law. Regarding his former ground of appeal, plaintiff urges, in these circumstances, adoption of a standard which plaintiff attributes to *Schroeder* v. *City of New York*, 371 U. S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), that notice by publication shall not suffice "* * * with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question." *Id.* at 212-13, 83 S.Ct. at 282, 9 L.Ed.2d at 259. The gravamen of this claim is that the classification of plaintiff's property as substandard and the decision by defendant to acquire his property affected his "legally protected right," and that he was therefore entitled to whatever form of notice was reasonably calculated to apprise him of the impending hearing; to wit, personal notice.

The plaintiff's second contention is that, being deprived of actual notice of the hearing, he was forever deprived of an opportunity to contest the validity of the taking. He complains further that the lack of actual notice prevented him from challenging the absence of specificity in defendant's overall redevelopment policies. These facts, plaintiff alleges, amount to a denial of his due process rights. He concludes that, although he has not lost his right to damages, such right is no substitute for the right to keep one's property.

In *Corrado* v. *Providence Redev. Agency, supra,* this court definitively ruled that expiration of the 30-day appeal period set forth in §45-32-22 bars all claims, including constitutional challenges, brought by the plaintiffs who contest the validity of proceedings regarding the redevelopment plan. We noted in that decision that the

Legislature's clear intent in enacting §45-32-22 was to provide certainty and finality to the actions of local legislative bodies regarding these questions. *Id.* at 481-82, 252 A.2d at 927. This court did, however, specifically note that the valid operation of the 30-day limitation hinged upon the adequacy of the notice afforded to interested parties. We queried whether constructive notice under §§45-32-4 and 45-32-11 satisfactorily measured up to constitutional due process requirements. *Id.* at 482 n.1, 252 A.2d at 927 n.1.

Turning to the instant case, we note initially that there is no question that plaintiff failed to bring his challenge to the adoption of the redevelopment plan before the courts within the mandatory 30-day period. Under the *Corrado* rule, therefore, he was foreclosed from raising even the constitutional issues raised by his complaint and repeated in his appeal. The sole question remaining therefore is whether the notice by publication, which plaintiff has testified never came to his attention prior to the August 1966 hearing, sufficed to pass constitutional muster on the grounds hereinbefore mentioned.

As plaintiff himself admits by his express reliance on *Schroeder* v. *City of New York, supra,* in order for a constitutional claim like this one to succeed, one must show that he had been illegally deprived of a "legally protected right." This court has held that the right to a hearing attaches only to the deprivation of an interest encompassed within the fourteenth amendment and that the right to a hearing prior to the taking of property by eminent domain is not such a right. We held further that the necessity and expediency of taking private property for public use is a legislative question, and that a hearing thereon is not essential to the due process guaranteed in the fourteenth amendment. *Golden Gate Corp.* v. *Sullivan, supra* at 644, 314 A.2d at 154. That is, where the

proposed deliberations are for the purpose of determining legislative facts rather than for adjudicating rights in the property under consideration, notice to each person affected is not required.

In a case very similar to the one presently before us, a three-judge Federal District Court in Massachusetts was convened to review a landowner's request for an injunction restraining the enforcement of a state redevelopment statute on constitutional grounds. *Trager* v. *Peabody Redev. Authority,* 367 F. Supp. 1000 (D. Mass. 1973). The court admitted that, in certain circumstances, government action not amounting to actual acquisition of private property could constitute a constructive taking, thereby depriving the owner of all rights in the property, but expressly held that "* * * the mere determination by a governmental authority that a particular area of real estate is 'blighted' as an initial step in an urban renewal project is not a constructive taking." *Id.* at 1002. The same court went on to conclude that the initial decision to condemn an area did not require an adjudicative hearing in which interested parties would be given advance personal notice and an opportunity to be heard. Due process, the court held, was provided by the determination of how much each individual was entitled to as compensation for the property taken. *Id. Accord, M. S. Alper & Son* v. *Director of Pub. Works,* 98 R. I. 154, 157-58, 200 A.2d 583, 586 (1964).

We note at this point that plaintiff's reliance on *Schroeder* v. *City of New York, supra,* is misplaced. The Supreme Court in that case indeed held that notice by publication shall not suffice with respect to a person whose name and address are known. It is to be noted, however, that the holding of the case was that "* * * the appellant had a right to be heard on a claim for compensation for damages" resulting from the defendant's actions. *Id.* at

214, 83 S.Ct. at 283, 9 L.Ed.2d at 260. Nothing was said therein about requiring notice and hearing to landowners prior to the initial decision to condemn.

Reflecting once again on the facts of the instant case, we are convinced that plaintiff, not being constitutionally entitled to a hearing prior to the condemnation, was thus not entitled to personal notice of the hearing that was held pursuant to §45-32-11. The plaintiff's rights in these circumstances are to be determined by the statute under which the condemnation and taking were accomplished.

Section 45-32-11 requires that a hearing be held on the adoption of a proposed redevelopment plan once the plan has been submitted to the legislative body. Such a hearing was held in this case on August 31, 1966.

Section 45-32-11 in conjunction with §45-32-4 provides that notice of such hearing be published not less than once a week for 3 successive weeks prior to the hearing in a newspaper of general circulation published in the community. Such notice was published in the Providence Journal on August 1, 8, 15 and 22, 1966 and in the Evening Bulletin on August 1, 8 and 22, 1966.

Section 45-32-22 provides that actions to contest the validity of the proceedings prescribed by §45-32-11 must be commenced within 30 days after the adoption of the redevelopment plan. The plaintiff filed the instant action on March 13, 1969. The East Side Renewal Project was adopted on November 7, 1966. The plaintiff clearly missed his opportunity to challenge the plan in that the validity of the proceedings and the adoption of the plan became conclusively presumed upon the expiration of the 30 days. Section 45-32-22. The trial justice was therefore correct in dismissing the action.

The plaintiff's appeal is denied and dismissed. The order appealed from is affirmed and the case is remanded to the Superior Court for further proceedings.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for plaintiff.

*Timothy J. McCarthy,* for defendant.