405 A.2d 1187

E & J Inc. *vs.*
Redevelopment Agency of Woonsocket *et al.*

AUGUST 29, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Weisberger, J.   This is an action brought in the Superior Court by the plaintiff, E & J Inc., to recover damages to its real estate and its business caused by the condemnation of adjacent land by the Redevelopment Agency of Woonsocket (the agency). The plaintiff, a Rhode Island corporation, is

the owner of real estate on Clinton Street in Woonsocket designated as lot No. 182 on assessor's plat No. 22 in that city. The plaintiff owns and operates on lot No. 182 a quick-service hamburger stand known as Carol's Drive-In (Carol's).

The complaint was dismissed by the trial justice on December 5, 1977, pursuant to Super. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. The trial justice found that Count I failed to allege facts sufficient to establish a constructive taking of the real estate by the agency and that Count II failed to allege facts sufficient to establish that the agency was negligent in the submission and administration of plans and timetables for the redevelopment of area in question.

The plaintiff came before us on appeal from an oral decision of the trial justice, no judgment thereon having been entered in the record. Thereafter at our suggestion a written judgment was entered *nunc pro tunc*. We shall treat the appeal as having been claimed from said judgment. *Beauvais v. Notre Dame Hospital*, 120 R.I. 271, 387 A.2d 689 (1978); *Malinou v. Kiernan*, 105 R.I. 299, 251 A.2d 530 (1969).

Our review of the granting of a Rule 12(b)(6) motion employs the same criteria that a trial justice uses in the initial examination of the complaint. *Rosen v. Restrepo*, 119 R.I. 398, 380 A.2d 960 (1977). That is, no complaint will be dismissed unless it appears to be a certainty that plaintiff will not be entitled to relief under any set of circumstances which might be proved in support of his claim. *Id.* When a dismissal is granted under Rule 12(b)(6), the allegations must show that there is some insuperable bar to relief. *Dutson v. Nationwide Mutual Insurance Co.*, 119 R.I. 801, 383 A.2d 597 (1978).

Count I alleges that certain actions of the agency have resulted in a constructive taking of plaintiff's real estate. The agency was authorized by the city of Woonsocket (the city) in an ordinance passed in 1972 to condemn such property as was necessary to carry out an urban-renewal plan in an area

of the city known as the "Social Flat Lands." The agency thereafter condemned an area adjacent to, but not including, plaintiff's place of business. The agency demolished all the buildings on the real estate it had condemned, leaving the neighborhood "barren" and in a "desert like condition." Certain streets which once directed traffic flow from Social Street to Clinton Street where Carol's is located were closed. Carol's became unprofitable to the point at which it no longer could be kept open for business, and the land and buildings thereon greatly depreciated in value. The plaintiff alleges that these actions of the agency and of the city have resulted in a taking of plaintiff's property and business without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 16, of the Rhode Island Constitution. We disagree. Under both constitutions, plaintiff here has alleged nothing more than noncompensable consequential damages for loss of business and depreciation of property values resulting from the condemnation of adjacent land by the agency, and noncompensable damages from the closing of streets and diverting of traffic pursuant to the city's police power.

Governmental action short of actual acquisition of property may be a constructive taking or an inverse condemnation[1] within the meaning of the Fifth and Fourteenth Amendments if such action deprives the property owner of all or most of his interest in the subject matter. *United States* v. *General Motors Corp.*, 323 U.S. 373, 378, 65 S. Ct. 357, 359-60, 89 L. Ed. 311, 318 (1945); *Trager* v. *Peabody Redevelopment Authority*, 367 F. Supp. 1000, 1002 (D. Mass. 1973); *see Paiva* v. *Providence Redevelopment Agency*, 116 R.I. 315, 321, 356 A.2d 203, 206 (1976). It is not necessary that the plaintiff actually be removed from his property or deprived of its possession, but merely that an

---

[1]"Inverse condemnation" is a term used to describe a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency. *Ferguson* v. *Keene*, 108 N.H. 409, 238 A.2d 1 (1968).

interest in the property or in its use and enjoyment be seriously impaired. *Foss* v. *Maine Turnpike Authority*, 309 A.2d 339 (Me. 1973); *Canyon* v. *City of Chicopee*, 360 Mass. 606, 277 N.E. 2d 116 (1971).

The right to just compensation for taking of private property in violation of the Fifth and Fourteenth Amendments, however, is confined to a taking of an interest in property which the United States Supreme Court has defined as "the group of rights inhering in the citizen's relation to the physical thing, as the right to possess, use and dispose of it." *United States* v. *General Motors Corp.*, 323 U.S. at 378, 65 S. Ct. 359, 89 L. Ed. at 318 (1945); *Trager* v. *Peabody Redevelopment Authority*, 367 F. Supp. 1000, 1002 (D. Mass. 1973); *see Paiva* v. *Providence Redevelopment Agency*, 116 R.I. 315, 321, 356 A.2d 203, 206 (1976). It is not necessary that the plaintiff actually be removed from his property or deprived of its possession, but merely that an interest in the property or in its use and enjoyment be seriously impaired. *Foss* v. *Maine Turnpike Authority*, 309 A.2d 339 (Me. 1973); *Canyon* v. *City of Chicopee*, 360 Mass. 606, 277 N.E. 2d 116 (1971).

The right to just compensation for taking of private property in violation of the Fifth and Fourteenth Amendments, however, is confined to a taking of an interest in property which the United States Supreme Court has defined as "the group of rights inhering in the citizen's relation to the physical thing, as the right to possess, use and dispose of it." *United States* v. *General Motors Corp.*, 323 U.S. at 378, 65 S. Ct. at 359, 89 L. Ed. at 318. Diminution in value alone is simply not sufficient to present a cognizable claim for taking of an interest in property under the Fifth and Fourteenth Amendments. *Florida East Coast Properties, Inc.* v. *Metropolitan Dade County*, 572 F.2d 1108, 1111 (5th Cir.) *cert. denied*, 439 U.S. 894, 99 S. Ct. 253, 58 L. Ed. 2d 240 (1978); *Cabrera* v. *Municipality of Bayamon*, 562 F.2d 91 (1st Cir. 1977); *Sayre* v. *City of Cleveland*, 493 F.2d 64 (6th Cir.) *cert. denied*, 419 U.S. 837, 95 S. Ct. 65, 42 L. Ed. 2d 64 (1974); *Woodland Market*

*Realty Co.* v. *City of Cleveland,* 426 F.2d 955 (6th Cir. 1970); *City of Buffalo* v. *J.W. Clement Co.,* 28 N.Y.2d 241, 255, 269 N.E. 2d 895, 903, 321 N.Y.S.2d 345, 357 (1971).

The complaint before us simply alleges a taking of property because its value has been lessened, and does not make any claim of interference with plaintiff's possession, use, or enjoyment of the subject property. It therefore fails to set forth any specific property interest which has been seriously impaired by the agency.

In *Pennsylvania Coal Co.* v. *Mahon,* 260 U.S. 393, 43 S. Ct. 158, 67 L. Ed. 322 (1922), Mr. Justice Holmes, in commenting upon a statute which related to conditions under which coal might be mined, observed:

> "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law." *Id.* at 413, 43 S. Ct. at 159, 67 L. Ed. at 325.

In that case the Court ultimately determined that a statute of Pennsylvania which forbade mining which would result in the subsiding of structures used as human habitations was an unconstitutional interference with the right of ownership. In the case at bar, however, plaintiff in essence asserts that the agency must conduct itself in such a way as to maintain the businesss profits flowing from plaintiff's real estate and consequently sustain its market value. Applying Justice Holmes' comment to such an assertion, we can see that no governmental agency could long survive if among its burdens it was required to maintain the market value of real estate which is either adjacent to condemned land or, if not adjacent, which might be affected in some way by the actions or nonactions of the governmental unit. Such an obligation would be impossible for government to bear. *See Benson* v. *Housing Authority,* 145 Conn. 196, 140 A.2d 320 (1958).

In *Woodland Market Realty Co.* v. *City of Cleveland, supra,* the court of appeals held that a property owner having property adjacent to an urban renewal project could not

maintain an action for compensation under the Fifth and Fourteenth Amendments for depreciation in the value of his property or for loss of income potential by reason of establishment of the project. In that case, as in the present, the plaintiff's losses resulted from the transformation of a neighborhood by an urban renewal project from a residential neighborhood to vacant and undeveloped land. The court held that a change in the character of the neighborhood without any interference with the plaintiff's interest in or control over his property was not a taking:

> "Loss of customers is not a taking of property in a constitutional sense, though it may result in a loss of land value. The action of the City has resulted in no diminution of the plaintiff's rights in its property. Its leasehold estate has remained intact. What has altered is the character of the neighborhood, not the character of the plaintiff's leasehold interest. Actions done in the proper exercise of governmental powers which do not directly encroach upon private property, though they may impair its use or value, do not amount to a taking of such property within the meaning of the constitutional provision that private property shall not be taken for public use without just compensation." 426 F.2d at 958.

We conclude that plaintiff in Count I has not set forth facts which show that plaintiff is entitled to relief under the Fifth and Fourteenth Amendments to the United States Constitution on the theory of a constructive taking or inverse condemnation.

We also conclude that plaintiff has not stated a good cause of action for a taking pursuant to article I, section 16, of the Rhode Island Constitution. Section 16 reads as follows:

> "Private property shall not be taken for public uses, without just compensation."

A number of states now provide recovery for property *"taken or damaged* for public use." 2 Nichols, *Eminent Domain* §6.1[3] (rev. 3d ed. 1978). This constitutional

language has been liberally construed to award compensation for the type of injury claimed here, *see Benson* v. *Housing Authority, supra,* 145 Conn. at 202, 140 A.2d at 323, although not by the majority of state courts which have considered the matter. Note, *Condemnation Blight and the Abutting Landowner,* 73 Mich. L. Rev. 583, 601 (1975).

The language of our constitution is not so broad. Section 16 provides compensation only for "property taken." We have construed this languge to mean that a taking is the "actual seizing or direct taking of specific property for public use, as distinguished from incidental injury to it when not taken * * *." *General Finance Corp.* v. *Archetto,* 93 R.I. 392, 397, 176 A.2d 73, 76 (1961), *appeal dismissed,* 369 U.S. 423, 82 S. Ct. 879, 8 L. Ed. 2d 6 (1962), *citing In· the Matter of Dorrance-Street,* 4 R.I. 230, 245 (1856).

Depreciation of property values alone by the act of an entity vested with the power of eminent domain is not a taking of property within the meaning of section 16. We have established by very early precedent in this state that depreciation of property values is not a legal interest in property which would entitle a property owner to recovery against a municipality for compensation. *Clark* v. *City of Providence,* 16 R.I. 337, 15 A. 763 (1888). This view is in accordance with that taken by other jurisdictions which have found that depreciation in property values is not a taking of a valuable property right under their similar constitutional provisions. *Benson* v. *Housing Authority, supra.* Loss of future business profits is also not compensable as a taking. *O'Donnell* v. *State,* 117 R.I. 660, 370 A.2d 233 (1977); *State Airport Commission* v. *May,* 51 R.I. 110, 152 A. 225 (1930). Where no land is physically taken and no interest in it which the law recognizes is extinguished or affected in a manner detrimental to the owner, the prohibition contained in article I, section 16 of our constitution against the taking of property without just compensation does not apply. *See Benson, supra.* The Legislature may in its discretion provide compensation for consequential damages, *State Airport Commission* v. *May, supra; Williams Bros. v. Tripp,* 11 R.I. 447 (1877), but it has not done so here.

The plaintiff's allegation that "certain of the streets which once helped the flow of traffic from Social Street to Clinton Street have been abandoned and closed to traffic" also does not present a claim of injury to a valuable property right under the Rhode Island and United States Constitutions. Viewing this allegation in light of any conceivable set of facts which would support it raises two different concepts—plaintiff's right of reasonable access to its property and plaintiff's right to the traffic flow which passes by the property. *See Narciso* v. *State,* 114 R.I. 53, 328 A.2d 107 (1974) (Kelleher, J. concurring).

An abutting landowner has no property right in the traffic flow and any diminution in value of the property resulting solely from a diversion of traffic is not compensable. *Id.* at 62, 328 A.2d at 111; *Saints Sahag & Mesrob Armenian Church* v. *Director of Public Works,* 116 R.I. 735, 360 A.2d 534 (1976). On the other hand, the right of access is an interest in property which we have described as an easement appurtenant to the land abutting a public highway. *Saints Sahag & Mesrob Armenian Church* v. *Director of Public Works, supra; Narcisco* v. *State, supra; see Aust* v. *Marcello,* 112 R.I. 381, 310 A.2d 758 (1973); *Sullivan* v. *Marcello,* 100 R.I. 241, 214 A.2d 181 (1965). It consists of the reasonable opportunity to enter and leave one's property through use of the abutting way and also insures that once the abutter arrives on that way, he can proceed from there to the general system of roadways. *Saints Sahag & Mesrob Armenian Church, supra.* There is no indication in the complaint that this property interest has been interfered with or impaired in any way.

Count II alleges that the agency was negligent in the submission and administration of the plans and timetables for the redevelopment of the area in question in violation of its duties under G.L. 1956 (1970 Reenactment) §45-32-21. Section 45-32-21 states merely that "the responsibility for carrying out the plan shall vest in the agency." This allegation is so vague that it precludes any meaningful review. *See Citizens for Preservation of Waterman Lake* v. *Davis,* 119

R.I. 684, 381 A.2d 1365 (1978). Although the allegation as it now stands fails to state a cause of action and was properly dismissed by the trial justice, we shall remand the cause to allow plaintiff to amend Count II with a more definite statement which would demonstrate a specific duty owed by the agency to landowners outside the project area and could support an action for negligence.

In its brief, plaintiff mentions certain facts not pleaded in Count II which conceivably could give rise to a cause of action in trespass, nuisance or negligence. Those facts are that on breezy days, great amounts of dust blow on plaintiff's property from the project area across the street. In view of the possibility that plaintiff may be entitled to some relief under any or all of these theories, we shall allow plaintiff to file a second amendment to Count II of the complaint. In our discretion we may remand a case to the Superior Court with such directions as are necessary and proper. G.L. 1956 (1969 Reenactment) §9-24-12; *see Cheetham* v. *Cheetham*, 121 R.I. 337, 397 A.2d 1331 (1979). Those directions may include amendment of the pleadings to prevent injustice. *State* v. *Cain*, 126 Vt. 463, 236 A.2d 501 (1967).

In light of the foregoing determinations, there is no necessity for us to consider the argument raised by the agency concerning the effect of the 30-day statute of limitations on proceedings to challenge a redevelopment plan contained in §45-32-22.

The plaintiff's appeal as to Count I is denied and dismissed, and the judgment appealed from is affirmed. The plaintiff's appeal as to Count II is also denied and dismissed, but the matter is remanded to the Superior Court with leave to the plaintiff to amend the complaint in order to state claims for relief based on damage caused by the breach of a specific duty owed by the agency to abutting landowners and based on damage arising out of trespass, nuisance or negligence.

*Frank O. Lind, Jr., Edward E. Dillon, Jr.*, for plaintiff.

*Thomas J. Kane, Gerald M. Brenner*, for defendants.