**LANDFILL & RESOURCE RECOVERY, INC.,**

v.

**DEPARTMENT OF ENVIRONMENTAL MANAGEMENT of the State of Rhode Island.**

**No. 84–367–Appeal.**

Supreme Court of Rhode Island.
July 21, 1986.

Robert D. Weick/Edward L. Maggiacomo, Adler Pollock & Sheehan, Providence, for plaintiff.

Charles McKinley, Dept. of Environmental Management, Paul P. Baillargeon, Woonsocket, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court holding that the closure of a solidwaste-disposal landfill pursuant to the provisions of the Aquifer Statute, G.L.1956 (1979 Reenactment) § 23–18.9–8.2 (d), as enacted by P.L.1982, ch. 33, § 1, constitutes a compensable taking as a matter of law. We vacate the judgment and remand for further proceedings. The facts giving rise to this controversy are as follows.

The plaintiff, Landfill & Resource Recovery, Inc. (L & RR), operated a landfill facility under license from the Department of Environmental Management (DEM) from 1974 until 1980. The predecessor in title of L & RR had operated a landfill on the same premises since the late 1960s under contract with the town of North Smithfield.

In December 1980 DEM issued a notice that the license would not be renewed until a hearing was held concerning the environmental effect of the landfill. Extended and acrimonious litigation ensued, during which various interlocutory appeals were taken to the Superior Court and to this court. During the course of this litigation, the Superior Court found DEM and its director in contempt. The contempt finding was vacated upon withdrawal by DEM of certain compliance orders that were found to be in violation of a previous court decree.

During the course of this litigation, the Aquifer Statute was enacted by P.L.1982, ch. 33, § 1, and denominated § 23–18.9–8.-2,[1] which provided in pertinent part:

"(d) Any party aggrieved by a decision of the director under this section may obtain judicial review of such decision in accordance with the provisions of sections 42–35–15 and 42–35–16 of the Administrative Procedures Act. In addition, the owner of an existing solid waste management facility-landfill, may bring a civil action in the Superior Court in which said solid waste management facility-landfill is located that said decision by the director of environmental management constitutes a taking under Chapter 37–6 as amended and shall be entitled to petition said Superior Court to recover just compensation therefor."

After the passage of the Aquifer Statute the parties entered into a consent order within the framework of an administrative hearing that provided inter alia that L & RR would close down its operation of a landfill on the northern part of the site after a period of eighteen months and would immediately close any landfill operations in respect to the southern portion of the site owned by L & RR. The parties had agreed that L & RR would not challenge the closure of the southern part of the landfill site in an administrative proceeding but that it would seek compensation pursuant to a claim that the closure of the site was in effect a taking of its property pur-

---

**1.** This statute is identical to G.L.1956 (1985 Reenactment) § 23–18.9–9.1.

suant to G.L.1956 (1977 Reenactment) chapter 6 of title 37.

The parties further agreed that the Superior Court would be asked to retain jurisdiction in order to determine and declare "in an expedited manner and without a jury, whether it is the legislative intent that the issuance of a closure order pursuant to G.L. § 23–18.9–8.2 constitutes a taking under Chapter 37–6." Pursuant to this agreement a justice of the Superior Court, after the filing of memoranda by the parties, held as a matter of law that the closure order constituted a taking. The trial justice went on to determine that "an aggrieved landfill owner must file a civil action petitioning the Superior Court for just compensation based on proof of loss."

The DEM contends that the trial justice was in error in finding that the closure order constituted a taking as a matter of law. We should say at the outset that in our opinion the parties, by their rather confusing consent order that was presented to the Superior Court, undoubtedly misled the trial justice concerning the question to be determined by him. As a result of the consent order, the trial justice apparently believed that he was being invited to decide, without an evidentiary hearing, questions concerning which the parties had threshold factual disagreements, although these disagreements were not apparent in the consent order.

In fact, after the consent agreement had been signed and filed, DEM argued that the trial justice's reservation of jurisdiction was improper. Then, as now, DEM argued that the question of whether the closure constituted a taking was one of fact and not purely a question of law. In this contention we are of the opinion that DEM is correct, but we further point out that in light of this position DEM should never have agreed to the retention of jurisdiction as set forth in the consent order. This is illustrative of the old adage that "haste makes waste" or, to put it another way, that attempted truncating of necessary procedures may retard rather than advance the course of litigation.

This court has recognized in prior litigation, beginning with *E. & J. Inc. v. Redevelopment Agency of Woonsocket,* 122 R.I. 288, 290, 405 A.2d 1187, 1189 (1979), that:

> "Governmental action short of actual acquisition of property may be a constructive taking or an inverse condemnation within the meaning of the Fifth and Fourteenth Amendments if such action deprives the property owner of all or most of his interest in the subject matter."

This doctrine was again recognized in *Milardo v. Coastal Resources Management Council of Rhode Island,* 434 A.2d 266 (R.I.1981). In that case we reviewed the doctrine of inverse condemnation by citation of such authorities as *Agins v. City of Tiburon,* 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980); *United States v. General Motors Corp.,* 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311 (1945); and *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922).

We went on to hold that because the administrative agency involved had no statutory authority to compensate the plaintiff, it would serve no useful purpose to litigate the issue of inverse condemnation before the administrative agency. We then deferred the issue until it might be raised in an appropriate proceeding *with an adequate factual predicate.*

Thereafter, we addressed the issue of inverse condemnation more directly in *Annicelli v. Town of South Kingstown,* 463 A.2d 133 (R.I.1983). In that case, we held that "ecological or environmental legislation may constitute a taking when all beneficial use of the property is denied to the landowner to benefit the public welfare * * *." *Id.* at 141. In *Annicelli,* after extensive citation of authorities, we recognized that in a situation in which most of the value of a person's property has to be sacrificed so that community welfare may be served, the appropriate remedy is not to

enjoin enforcement of an ordinance or a statute but to determine whether a de facto condemnation has occurred and, if it has, to compensate the owner for such taking.

The statute enacted by the General Assembly, P.L.1982, ch. 33, § 1, provided a specific procedure for responding to a de facto condemnation by an order of closure of a landfill required to protect underground drinking-water sources. The Legislature in its wisdom provided for a two-step procedure. The director of environmental management was authorized first to determine "whether the continued operation of any solid waste management facility-landfill on or over any such reservoir or recharge area presents a hazard to the public drinking water source * * *." Section 23–18.9–8.2(c)(1). Under subsection (d) any party aggrieved by a decision of closure may obtain judicial review under the Administrative Procedures Act. Thereafter, assuming that the judicial review results in affirmation of the closure order, the owner "of an existing solid waste management facility-landfill, may bring a civil action in the Superior Court * * * [alleging] that said decision by the director * * * constitutes a taking under Chapter 37–6 * * * and shall be entitled to petition said Superior Court to recover just compensation therefor." Section 23–18.9–8.2(d)

A reasonable interpretation of this statute would result in the creation of two separate remedies for the owner of an existing solidwaste landfill. Such owner may first challenge under the Administrative Procedures Act a determination of closure. In accordance with G.L.1956 (1984 Reenactment) §§ 42–35–15 and 42–35–16 judicial review of such an order would be limited in scope.[2]

In the event that the administrative challenge is unavailing, the Legislature provides for a second and independent proceeding. The purpose of this proceeding is to determine two issues. First, did the decision by the director constitute a taking? Second, if the answer to the first question is affirmative, what are the damages to be assessed as just compensation?

The first question is not a pure question of law but must be based upon an adequate factual predicate. *Milardo*, 434 A.2d at 270. We also recognized in *Annicelli*, 463 A.2d at 140, that one of the facts to be established by the property owner who claims that enforcement of a regulation will constitute a taking is that he or she "had been denied all reasonable and beneficial use of the property." In the case at bar, no evidentiary hearing was conducted in respect to the first issue. The trial justice did determine that the question of damages would have to be litigated in another proceeding.

We are of the opinion that the trial justice was in error in determining the first issue as a pure question of law. Consequently, the judgment in this case must be vacated, without prejudice to the right of L & RR to pursue a separate civil action in the Superior Court, to determine, (1) whether the closure order constituted a taking of its property, and (2) if so, what the amount of just compensation therefor should be.

For the reasons stated, the appeal of DEM is sustained and the judgment of the Superior Court in respect to the taking is vacated. The papers in the case may be remanded to the Superior Court. Nothing herein should be construed as precluding the L & RR from proceeding by way of a separate action in respect to the alleged taking or pursuing such separate action as may have been previously filed.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.

---

2. General Laws 1956 (1984 Reenactment) § 42–35–15(g)(5), (6) does not allow a court to reverse a finding of fact by an administrative agency unless it is "[c]learly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or * * * [a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."