[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the appeal of Andrew and Debra Akerman (plaintiffs) from a July 2, 1991, decision of the Zoning Board of Review of the City of Newport (the Board) which denied their application for a deviation. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) §45-24-20.
The facts pertinent to the instant appeal are as follows. Plaintiffs are the owners of the subject property in question which is designated as lot number one hundred ninety-six (196) of Newport Tax Assessor's Plat thirty-five (35). Said property is located at five hundred twenty-seven (527) Thames Street, Newport, Rhode Island. The property is zoned Waterfront business (WB) and use of the property as a restaurant is permitted as of right. A three-story building is located on the subject property and plaintiffs have operated a restaurant (known as Scales and Shells) there since 1987. Scales and Shells occupies the first story; the second and third stories are dwelling units.
Pursuant to § 1284.02(h) of the City of Newport zoning ordinance, a landowner must provide one (1) off-street parking space for every one hundred fifty (150) square feet of customer service area. Plaintiffs proposed to expand the restaurant area by approximately six hundred (600) square feet. This would be accomplished by reducing, but not eliminating, the size of the second floor dwelling unit. Said proposal would require plaintiffs to provide four (4) additional off-street parking spaces. On March 6, 1991, plaintiffs filed an application seeking relief from the parking space provision of the ordinance.
A scheduled and advertised hearing was held on April 22, 1991. Plaintiff Debrah Ackerman testified in support of the application and specifically explained the purpose for the relief requested. She indicated that the purpose of requesting the deviation was to accommodate customers waiting for a table by providing them with a waiting area where they may order appetizers and/or drinks.
The Board also reviewed several letters from neighboring property owners both in support of, and in opposition to, the application. The objectors cited parking problems in the area as the basis for their opposition to the application.
In a decision dated July 2, 1991, the Board voted to deny the application. Based upon the evidence presented at the hearing, the Board found that the addition of six hundred (600) square feet of restaurant area with no additional off-street parking would have an adverse impact on the neighborhood. The Board stated that plaintiffs failed to demonstrate that denial of the relief requested would result in an adverse impact amounting to more than a mere inconvenience.
ANALYSIS
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). The Rhode Island Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
At the outset, plaintiffs contend the decision of the Board should be reversed on the basis that they have satisfied the necessary standard for obtaining a deviation. Specifically, plaintiffs assert they have demonstrated that denial of the requested relief would constitute more than a mere inconvenience adversely affecting full enjoyment of the permitted use of the property.
A deviation constitutes the type of relief available from restrictions governing a permitted use, such as area and/or setback requirements. This standard, known as the "Viti" doctrine, was first enunciated in Viti v. Zoning Board of Reviewof Providence, 92 R.I. 59, 166 A.2d 211 (1960). To obtain a deviation by this standard, the threshold burden a landowner must satisfy is to demonstrate to the zoning board that the denial of the request would have an adverse impact amounting to more than a mere inconvenience. Gara Realty Inc. v. Zoning Board of SouthKingston, 523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Boardof Review of Warwick, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). "More than a mere inconvenience" has been interpreted to mean that an applicant must show that the relief he or she seeks is reasonably necessary for full enjoyment of the permitted use.DiDonato v. Zoning Board of Review of Johnston, 104 R.I. 158,142 A.2d 416 (1968).
The issue before the Court is whether there is in the record competent evidence demonstrating that full compliance with the off-street parking provisions of the ordinance would constitute more than a mere inconvenience adversely affecting full enjoyment of the permitted use of the property. After conducting a thorough review of the record, this Court finds a lack of such evidence in the record.
The evidence presented by plaintiffs at the hearing solely consisted of the testimony of Mrs. Goodwin. Plaintiffs offered no testimony or other evidence to demonstrate to the Board that denial of the relief would constitute more than a mere inconvenience. Accordingly, the Board's denial of the application was proper as plaintiffs failed to meet their threshold burden.Gara Realty Inc., supra.
Plaintiffs have also brought to this court's attention a separate application submitted by another restaurant (known as Purini) which was granted by the Board. It is plaintiffs' contention the Board acted unfairly in granting the application of Purini and denying their application, as they assert both applications requested similar, if not identical relief. This argument is without merit as the application of Purini's restaurant is completely irrelevant to the instant action. In ruling on a zoning appeal, the court considers the record of the hearing of the zoning board and other evidence that may be presented in open court. This evidence shall constitute the record upon which the determination of the court shall be made. R.I.G.L. 1956 (1988 Reenactment) 45-24-20(c). Consequently, any other application, decision, or evidence thereof, is not properly within the scope of the court's review.
Furthermore, this Court is not persuaded the Board's action in granting Purini's application while denying plaintiffs was unfair or arbitrary. As the Board correctly points out, the very essence of zoning is location of a property. In the instant action, two separate parcels of property were involved, having very distinct locations and therefore presenting different matters before the Board. It is, therefore, incorrect to conclude the granting of one application necessitated granting the other.
Plaintiffs last contend the decision of the Board is tantamount to a confiscatory taking of property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16, of the Rhode Island Constitution. This argument is without merit.
The Rhode Island Supreme Court has defined a taking as action depriving the property owner of all or most of his interest in the subject matter. E. J. Inc. v. Redevelopment Agency,122 R.I. 188, 405 A.2d 1187 (1979). A landowner need not prove he has been physically removed from his property or deprived of its possession, but merely that an interest in the property or in its use and enjoyment may be seriously impaired. Id.
In the case at bar, plaintiffs assert the Board's decision denies them the ability to use their property to its full potential. Plaintiffs, however, have not alleged serious impairment in their interest in the property or in its use. Plaintiffs simply allege a taking of property because they cannot use it to a more profitable use while complying with the ordinance.
Moreover, a review of the record reveals that the use of plaintiffs' property cannot be deemed impaired by enforcement of the ordinance. To the contrary, the evidence suggests plaintiffs property has been, and continues to be, used to its full enjoyment allowable under the ordinance. Accordingly, this Court finds there has been no taking of property without just compensation.
After a review of the entire record, this Court finds the Board's decision denying the deviation is supported by reliable, probative and substantial evidence. According, the decision of the Board is affirmed.
Counsel shall enter judgment in accordance with the above decision.