**Kenneth KASHMANIAN et al.**

v.

**Robert RONGIONE et al.**

No. 97–143–Appeal.

Supreme Court of Rhode Island.

May 21, 1998.

Thomas C. Plunkett, Providence, for Plaintiff.

Kathleen M. Powers, Stephen E. Cicilline, Edmund L. Alves, Jr. Michael DeSisto, Stephen J. Reid, Jr., Providence, for Defendant.

Before LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case involves the applicability of the public-duty doctrine to claims brought by seventy-three residential property owners against a municipality, arising out of an allegedly inadequate water supply to their subdivision. The plaintiffs appeal from the entry of summary judgment in favor of the defendants Dennis Finlay (in his capacity as treasurer of the town of Smithfield) and the town of Smithfield (collectively the town). Pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, the Superior Court entered a final judgment in favor of these defendants. We directed the parties to show cause before a panel of this Court why the issues raised in this appeal should not be summarily decided. After reviewing their written submissions and considering their oral arguments, we conclude that no cause has been shown and proceed to decide the appeal at this time.

The plaintiffs, owners of individual real estate parcels in the town's Connors Farm subdivision, filed a multicount complaint against numerous defendants, alleging that

the water supply to their homes in this area was inadequate for residential use and fire protection. The defendants included the developers of the subdivision (developers), an engineering firm engaged in designing the project, the Greenville Water District (water district), and the town.

Among other claims, plaintiffs alleged that the town, through its planning board, was charged with the evaluation, inspection, and review of subdivision plans in accordance with its subdivision regulations; that the town, in performing these duties, acquired knowledge that the proposed Connors Farm subdivision had a water-pressure problem; and that as a result the town owed plaintiffs a special duty to make sure that they would be provided with an adequate supply of water before approving the subdivision.

In addition plaintiffs claimed that the town engaged in egregious conduct by negligently approving the subdivision without ensuring that the water supply to this area was adequate. As a result of the town's actions, they alleged, their property diminished in value. The plaintiffs also averred that the town's actions constituted an improper taking of their property without due process and just compensation. The plaintiffs sought preliminary injunctive relief against the town to forestall the irreparable harm that they said they would suffer in the event of a fire. They further asked that the town be temporarily and permanently restrained from releasing the remainder of the bond posted by the developers pending resolution of the entire lawsuit.

In due course the town moved for summary judgment, claiming that it was shielded from liability by the public-duty doctrine. It contended that the planning board's approval of the subdivision was a discretionary governmental function not ordinarily performed by private persons. The town asserted that it did not owe a special duty to plaintiffs because they could not establish that the planning board had knowledge of plaintiffs' alleged water-pressure problems before it approved the subdivision. Likewise the town insisted that there was no evidence of egregious conduct on its part because it had no knowledge that the water pressure for this subdivision was insufficient to meet plaintiffs' needs as homeowners. The town also contended that in order for there to be an unlawful taking of their property, plaintiffs had to be deprived of all or most of their interest in their properties, a fact that plaintiffs had not alleged, much less established, by competent proof. After a hearing, the motion justice granted summary judgment with respect to all counts against the town, and plaintiffs filed this appeal.

The public-duty doctrine provides state and municipal governmental entities with "immunity from tort liability arising out of their discretionary governmental actions that by their nature are not ordinarily performed by private persons." *Quality Court Condominium Association v. Quality Hill Development Corp.*, 641 A.2d 746, 750 (R.I. 1994). However, this immunity from liability is inapplicable when the municipality has assumed a special duty "owing to a specific identifiable individual." *Orzechowski v. State*, 485 A.2d 545, 548 (R.I.1984). A special duty exists when a plaintiff has had some prior contact with government officials who then knowingly embark on a course of conduct endangering that plaintiff or when a plaintiff has otherwise come within the knowledge of the officials so that the injury can be or should have been foreseen. *Id.*

Similarly the public-duty doctrine will not shield a municipality that has engaged in "egregious conduct" such that it "has knowledge that it has created a circumstance that forces an individual into a position of peril and subsequently chooses not to remedy the situation." *Houle v. Galloway School Lines, Inc.*, 643 A.2d 822, 826 (R.I.1994) (quoting *Verity v. Danti*, 585 A.2d 65, 67 (R.I.1991)).

The plaintiffs claim that both the special-duty and the egregious-conduct exceptions apply to their claims against the town. With respect to plaintiffs' claim that the town owed them a special duty, plaintiffs presented evidence, by way of deposition testimony of the former superintendent of the water district, that the water district had previously established a moratorium on any new developments in the district because of its fear that approval of large residential develop-

ments could strain the town's existing water supply. The plaintiffs argue that the town planning board's knowledge of the existence of the moratorium created a special duty to future landowners like these plaintiffs. We disagree.

It is undisputed that the moratorium had ended before the planning board approved the Connors Farm subdivision. Moreover, the motion justice concluded that the planning board's knowledge of the erstwhile moratorium did not create a special duty to these plaintiffs because they did not have any prior contact with the planning board relative to the water situation and the board did not make any assurances to these particular plaintiffs that they would have an adequate water supply in the future. The planning board merely determined that the plats in the subdivision could be developed—and it did so after the water district had lifted its moratorium and thereby indicated that this area could be developed. Thus the water district's expired moratorium did not bring plaintiffs or their water problems into the realm of the planning board's specific knowledge. As a result, no special duty arose. *Cf. Quality Court,* 641 A.2d at 751 (special duty existed because several specific events borne out in the record demonstrated that the city "was acutely aware of a threat to the specific plaintiffs"). Furthermore, as noted by the town, it had no independent duty to ensure an adequate water supply to plaintiffs or to its other similarly situated residents.

We also agree with the motion justice that the egregious-conduct exception did not apply in this case. For this exception to apply, the following elements must be established:

"(1) [T]he state, in undertaking a discretionary action or in maintaining or failing to maintain the product of a discretionary action, created circumstances that forced a reasonably prudent person into a position of extreme peril; (2) the state, through its employees or agents capable of abating the danger, had actual or constructive knowledge of the perilous circumstances; and (3) the state, having been afforded a reasonable amount of time to eliminate the dan-

gerous condition, failed to do so." *Haley v. Town of Lincoln,* 611 A.2d 845, 849 (R.I.1992) (citing *Verity,* 585 A.2d at 67).

None of these elements was present here. The plaintiffs contended below that they had limited water for residential use and had inadequate water pressure for fire protection. Yet they presented no facts to establish that they were in a position of extreme peril when the planning board approved the subdivision. Nor did they show that the town's approval of the subdivision created the water problems that they claim now exist. Accordingly we hold that the motion justice properly concluded that the egregious-conduct exception did not apply to these facts.

Next plaintiffs argue that the motion justice erred in granting summary judgment relative to plaintiffs' allegation that the town took their property without just compensation. The plaintiffs presented evidence that their water supply was inadequate for fire protection, that their supply of drinking water may be limited if the town's fire department needs to use a dual-hydrant system in the event of a future fire, and that these conditions diminish the value of their property. They suggest that these facts gave rise to a genuine dispute in regard to whether there was a taking of their property.

But in *E. & J., Inc. v. Redevelopment Agency of Woonsocket,* 122 R.I. 288, 291, 405 A.2d 1187, 1189 (1979), this court noted that a diminution in value alone is insufficient to present a cognizable takings claim. Here the trial justice concluded that there was no taking and we agree. In any event, the town was not responsible for providing plaintiffs with an adequate water supply—and its actions in approving the subdivision application did not take their property from them.

Last the plaintiffs argue that the trial justice erred in refusing their request for injunctive relief. The plaintiffs sought to have the town restrained and enjoined from releasing the remainder of the bond posted by the developers because they would suffer irreparable harm as a result of the town's approval of the development in the absence of an adequate water supply. The motion

justice in essence denied their request. Although the motion justice properly found that the town was immune from any liability, the plaintiffs' action against the developers is still pending and thus the developers may ultimately be liable to the plaintiffs. Accordingly we believe that the trial justice may have acted prematurely in denying this aspect of the plaintiffs' request for relief.

Relying on the foregoing, we hold that the motion justice did not err by granting the town's motion for summary judgment. However, he should not have denied the plaintiffs' request for injunctive relief with respect to the bond without considering the likelihood of the plaintiffs' success in their action against the developer, the potential for harm to the plaintiffs if such relief was to be denied, and the other injunctive-relief factors that must be weighed relative to the plaintiffs' claim against the developer. Accordingly the plaintiffs' appeal is denied in part and sustained in part, and the summary judgment is affirmed (except as to the plaintiffs' request for injunctive relief). The papers in the case are remanded for further proceedings consistent with this opinion.

WEISBERGER, C.J., and BOURCIER, J., did not participate.